Commonwealth *v.* Smith, Jr.

Argued June 8, 1972, before Judges KRAMER, WIL-
KINSON, JR. and BLATT, sitting as a panel of three.

*Anthony J. Maiorana,* Assistant Attorney General,
with him *Stuart A. Liner,* Assistant Attorney General,
*Robert W. Cunliffe,* Deputy Attorney General, and *J.
Shane Creamer,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILKINSON, July 17, 1972:

On August 6, 1971, an officer of the Pennsylvania State Police observed appellee's vehicle travelling in an erratic manner on the Pennsylvania Turnpike in Montgomery County. The officer followed appellee's vehicle for approximately one-half mile before signalling him to stop. Appellee obeyed the command and at the officer's direction, removed himself from his vehicle and produced his operator's license. Appellee appeared to the officer to be under the influence of alcohol and, in fact, subsequently admitted that he had been drinking. Immediately after this admission, the officer placed appellee under arrest. He was then asked if he would submit to a chemical test of his breath when they reached the Plymouth Meeting barracks. Appellee stated that he wanted to call his attorney first. The officer and appellee then proceeded to the Plymouth Meeting barracks. Appellee contacted his attorney by telephone and was advised not to submit to a chemical test of his breath. After certain information was taken concerning appellee's refusal to submit to a chemical test of his breath, appellee was taken to the Whitemarsh Township building for arraignment on the charge of driving while under the influence of intoxicating liquor. Appellee's attorney arrived at the Township building shortly thereafter.

At the arraignment, the District Justice asked appellee if he would now submit to a chemical test of his breath. Appellee refused again. Appellee's attorney responded that his client would willingly submit to a blood test. The officer then drove appellee to a nearby hospital where a blood sample was obtained.

The Secretary of Transportation suspended appellee's operator's license for a period of six months as a result of the refusal to submit to a chemical test of the breath which appellee promptly appealed. After a

de novo hearing, the lower court sustained the appeal, holding that substantial compliance with Section 624.1 (a) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §624.1(a), had occurred. We disagree and accordingly reverse.

The issue before this Court is aptly phrased by the court below: ". . . where, upon advice of counsel, a party refused a chemical test of his breath, but willingly agrees to blood chemical test, is substantial compliance with Section 624.1(a) of the Vehicle Code accomplished?" The court below found that substantial compliance had occurred by examining the purpose of Section 624.1 and considering the time lapse between when a chemical test of the breath could have been administered and when the blood sample was obtained. In addition, the court below found that the Secretary of Transportation abused his discretion in that: (1) appellee in no way attempted to prevent an accurate analysis of the alcoholic content of his blood; (2) at all times subsequent to his arrest, appellee was acting pursuant to advice of counsel; (3) appellee's attorney did not employ delaying tactics, arriving shortly after he was called and willingly subjecting his client to a test for coordination as well as a chemical analysis of his blood; (4) the blood test was taken within 25 minutes of when a chemical test of his breath could have been given; and (5) the Commonwealth has been provided with speedy and accurate scientific evidence of the presence of intoxicants.

Section 624.1(a) states in pertinent part:

"624.1  Intoxication chemical tests, etc.

"(a)   Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a chemical test of breath, for the purpose of determining the alcoholic content of his blood: Provided, That the test is administered by qualified personnel and with equipment approved by the

secretary at the direction of a police officer having reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor. . . . If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle or tractor with or without a hearing. . . ."

The court below cites Section 51 of the Statutory Construction Act, Act of May 28, 1937, P. L. 1019, as amended, 46 P.S. §551, as its basis for looking beyond the wording of Section 624.1(a) to consider whether its purpose has been fulfilled. But such an approach is foreclosed by Section 51: "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 46 P.S. §551.

Having decided that strict compliance with Section 624.1(a) is required, was there a reasonable refusal to take the breath test? The only circumstance offered as a reason for refusal is the advice of counsel against taking the breath test. Since the issue of bad faith is not involved, the operation of the Commonwealth's laws does not turn on advice of counsel. This reason is without merit.

The remaining four reasons offered by the court below to support an abuse of discretion refer to what occurred *after* the refusal and, therefore, are also without merit. *See Commonwealth v. Gallagher*, 3 Pa. Commonwealth Ct. 371, 283 A. 2d 508 (1971).

The Order of the Court of Common Pleas of Montgomery County is reversed, and the order of suspension of the Secretary of Transportation is reinstated. Reinstated suspension shall be issued within 30 days.