## Commonwealth v. Hines

*John J. Ross,* for appellant.
*Edward A. Mihalik,* for Commonwealth.

KLEIN, *J.,* November 26, 1975—This matter is before the court upon the appeal of Leroy Hines from an order of the Secretary of Transportation suspending his operating privileges for six months based upon a violation of section 624.1(a) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 P S §624.1(a), "refusal to submit to a chemical test."

The pertinent facts are that appellant was involved in a fatal accident on March 7, 1975; he was placed under arrest, inter alia, for operating under the influence; taken to Aliquippa Hospital for examination and treatment of injuries; while at the hospital he consented to a blood test for alcoholic content by means of withdrawing blood; after injecting a needle into appellant's forearm four times without success, the doctor determined that the sclerotic condition of appellant's veins required an effort at withdrawal above the elbow; appellant refused to submit to such a procedure; and the police officer then completed and filed the "certificate of refusal."

The Commonwealth offered no evidence concerning a request to, and a refusal by, appellant to submit to a chemical test of his breath to determine alcoholic content. Nor did the Commonwealth offer any evidence that appellant was physically unable to supply enough breath to complete such a test.

The applicable law is now clear and settled.
" '. . .the automatic suspension feature of Section 624.1(a) of The Vehicle Code is applicable only to

refusal to submit to a *chemical breath test, not to the drawing of blood'* ": Commonwealth v. Brown, 225 Pa. Superior Ct. 289, 302 A. 2d 475 (1973). (Emphasis supplied.)

See also Commonwealth v. Smith, Jr., 6 Pa. Commonwealth Ct. 78, 293 A. 2d 158 (1972), and Commonwealth v. Maylone, 61 D. & C. 2d 139, 32 Beaver 163 (1972).

We feel constrained to mention, however, that conviction for operating under the influence results in a mandatory revocation of privileges, and conviction of manslaughter resulting from the use of an auto may also result in suspension. Further, following due process proceedings, suspension may follow a finding of noncriminal responsibility for causing a fatal accident. See 75 PS §§616 and 618.

For these reasons, we make the following

## ORDER

And now, November 26, 1975, the suspension order of the Secretary of Transportation entered against Leroy Hines on May 12, 1975, is hereby overruled, and the instant appeal is hereby sustained.