## Farner License

*Jerry A. Weigle*, for appellant.
*Stuart W. Bliwas, Assistant Attorney General*, for Department of Transportation.

SHEELY, *J.*, July 3, 1978—Petitioner, Ronald Lee Farner, was granted a hearing de novo by this court to determine whether he is properly subject to suspension of his vehicle operator's license. The hearing followed action by the Pennsylvania Department of Transportation Bureau of Traffic Safety wherein petitioner's operating privileges were suspended for six months on the grounds of driving under the influence and refusal to submit to a chemical test of the breath. Farner's license has been reinstated pending this appeal.

The facts indicate that on January 20, 1978, Officer Worthington of the Shippensburg Police Department was dispatched to investigate a blue pickup truck stuck in a snow bank. Petitioner Farner was in the vehicle. The officer testified that petitioner's eyes were bloodshot, his speech was slurred, he smelled of alcohol and that his head was bobbing around. Petitioner was asked to get out of

the vehicle and as he did so he fell; the officer had to assist him. Petitioner was placed under arrest for driving under the influence. Officer Worthington's request that petitioner submit to a breath test was met with a refusal. Petitioner was then taken to the station whereupon Officer Eutzy, an officer certified to administer the test, informed petitioner that failure to take the test would result in suspension of his operating privileges. Petitioner again refused.

Petitioner testified that although he refused to take a breath test, he did offer to take a blood test. The reason given by Farner for his refusal to take the breath test was that he felt the balloon test would only indicate if he had been drinking, not the level of alcohol in his system. The officers testified that they did not hear petitioner's offer to take a blood test. Nevertheless, assuming petitioner did offer to submit to a blood test, we still sustain the suspension of operating privileges.

The applicable section of the Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §1547, provides:

"(a) General rule.—Any person who operates a motor vehicle in this Commonwealth shall be deemed to have given consent to a chemical test of breath or blood for the purpose of determining the alcoholic content of blood if a police officer shall have reasonable grounds to believe the person to have been driving a motor vehicle while under the influence of alcohol. . . .

"(b) Suspension for refusal.—

"(1) If any person placed under arrest for driving under the influence of alcohol is requested to submit to a chemical test and refuses to do so, the test shall not be given but upon notice by the police

officer, the department shall:

"(i) suspend the operating privilege of the person for a period of six months. . . .

"(g) Blood test in lieu of breath test.—*If for any reason a person is physically unable to supply enough breath to complete a chemical test*, a physician or nurse or a technician acting under a physician's direction may withdraw blood for the purpose of determining its alcoholic content. The chemical analysis of the blood taken *under these circumstances* shall be admissible in evidence in the same manner as are the results of the breath chemical test. The operating privilege of any person who refuses to allow a blood test *under the above circumstances* shall be suspended pursuant to subsection (b)." (Emphasis supplied.)

Defendant contends that this statute should be interpreted to allow an individual about to be administered a chemical test for determining the presence of alcohol in the body to choose whether he wishes a breath or a blood test. We disagree.

Under the prior Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §624.1, the relevant statute was similar, if not identical, to 75 Pa.C.S.A. §1547. The only difference from the portions quoted above was that in the section providing for a blood test if a person was physically unable to supply enough breath for a breath test, the statute also provided that "Consent is hereby given by such persons." In the present law, consent to either a breath or blood test has been provided for in part (a) and eliminated from part (g). To us, this change is merely a matter of form, not of substance. Therefore, the case law applicable to the old statute is likewise applicable under the present statute.

In Com. v. Wolpert, 224 Pa. Superior Ct. 361, 308

A. 2d 120 (1973), it was held that all of the paragraphs of 75 P.S. §624.1 should be read together, rather than independently. Further, in Com. v. Smith, 6 Pa. Commonwealth Ct. 78, 293 A. 2d 158 (1972), reversing 95 Montg. 55 (1972), on facts quite similar to the instant case, refusal to take a breath test and an offer to instead take a blood test, upon advice of counsel, was held insufficient under the statute.

A breath test being required *unless* a person is physically unable to supply enough breath to complete such a chemical test, an operator of a motor vehicle in this state is not afforded the opportunity to select which test suits his fancy. Indeed, were this the case, the police would be handicapped in many cases where arrests were made a great distance from qualified personnel or sufficient facilities to guarantee the accuracy and propriety of the test. Where there is a charge such as in the case at bar, the more immediate the testing, the more accurate the results.

In any event, section (h) of the present statute (section (g) of the previous statute) permits a person tested to have a physician of his own choosing administer an additional breath or blood chemical test, and the results of such a test are also admissible into evidence. Petitioner did not avail himself of this alternative even though he says he questioned the accuracy of the breath test.

For these reasons we are compelled to affirm the decision of the Department of Transportation. Here, petitioner was under arrest prior to his refusal to submit to the breath test. See Com. v. Tantlinger, 29 Pa. Commonwealth Ct. 536, 371 A. 2d 1037 (1977); Com. v. Gallagher, 3 Pa. Commonwealth Ct. 371, 283 A. 2d 508 (1971). It has

been established by the evidence that petitioner, upon request, refused to submit to a breath test. See Com. v. Tantlinger, supra; Com. v. Kelly, 18 Pa. Commonwealth Ct. 490, 335 A. 2d 882 (1975). Petitioner was informed that failure to take the breath test would result in suspension of his operating privileges. See 75 Pa.C.S.A. §1547(b)(2). Finally, petitioner has failed to establish an inability to supply sufficient breath to take such a test. See Com. v. Tantlinger, supra; Com. v. Medalis, 24 Pa. Commonwealth Ct. 12, 354 A. 2d 43 (1976); Com. v. Kelly, supra; Com. v. Gallaher, supra.

Therefore, the determination of the Department of Transportation suspending the operating privileges of petitioner for a period of six months is affirmed.

### ORDER

And now, July 3, 1978, in accordance with the opinion herewith filed, it is ordered and decreed that the suspension of the motor vehicle operating privileges of petitioner, Ronald Lee Farner, by the Pennsylvania Department of Transportation Bureau of Traffic Safety, for a period of six months, be affirmed.