# Pa. Department of Transportation v. Matsuras

*Harold H. Cramer, assistant district attorney,* for the Commonwealth.

*W. David Breen,* for defendant.

BLOOM, *S.J.,* May 31, 1985—The matter before the court concerns the Commonwealth's appeal from this court's January 22, 1985 order sustaining defendant's license suspension appeal. The Commonwealth has filed a statement of matters complained of, and this opinion is filed in response to the statement.

The facts are not particularly in dispute and may be readily summarized. Officer Robert Gray was employed as a police officer with the Marcus Hook Borough Police and was on duty on July 19, 1984 when he observed a vehicle operated by defendant at a high rate of speed on a public highway. This vehicle nearly struck a bridge abutment and caused Officer Gray to stop the vehicle. Officer Gray, on stopping the vehicle and requesting identification from defendant, detected the odor of alcohol from defendant's person. Gray also noted defendant's bloodshot eyes and slurred speech.

Gray requested defendant to exit the car and, when he did so, Gray noted a staggered gait. Defendant was requested to perform a field test consisting of standing straight, stretching his arms and then touching his nose. Defendant failed the test and was arrested for driving under the influence.

Defendant was taken to the police station and was advised about the breathalizer test. Officer Gray admitted that he advised defendant about the options defendant had concerning the test, i.e., submit to the breathalizer or go to a doctor or the hospital to have his blood drawn. In fact, at Officer Gray's direction, defendant went to Sacred Heart Hospital to take a blood test. Gray admitted that defendant agreed to take the blood test and, in fact, went to the hospital. The hospital refused to do the test because Gray did not go to the hospital to request it. Significantly, Gray admitted that had he gone to the hospital, the hospital would have taken the sample for the test.

Subsequently, Officer Gray withdrew the charge of driving under the influence. As noted by the court concerning Officer Gray's testimony, "But he had testified that he (Gray) indicated to him (defendant) that he (defendant) had his choice of one or the other and he (defendant) went to the hospital, if that's a fact."

Based on the foregoing evidence, the court found that defendant did not refuse to take the breathalizer but, rather, exercised the option given by Gray to submit to a blood test.

The Commonwealth characterizes the matter as having four separate issues. For purposes of this opinion, however, we consider there to be but one issue, viz., under the options given to defendant under the circumstances of this case, was there, in

fact, a refusal of a test to justify a suspension? We think not.

The fact of the giving of the options by Officer Gray makes this case different from others. While the officer need not have given such options, we feel it both unfair and anomalous to punish defendant with a suspension for refusal where defendant accepted the officer's option and attempted to have a blood test performed at the hospital. The fact of the matter is that the officer's failure to go to the hospital created defendant's inability to give blood for the test at the hospital.

We, thus, do not believe there was a "refusal" as contemplated by 75 Pa.C.S. §1547. To hold otherwise would punish defendant for exercising exactly the options given him by the arresting officer.

The Commonwealth suggests that Commonwealth D. O. T. v. Smith, 6 Pa. Commw. 78, 293 A.2d 158 (1972), controls the issue in the case at bar. We find Smith, supra, factually inapposite because of the fact of the options given in the case at bar and not given in Smith, supra, and the fact that in Smith the reason for refusal was advice of counsel. The options situation in the present case present a different issue than was decided in Smith.

Another reason for sustaining the appeal in this case was the officer's use of the words "would" in giving mandated warnings, i.e., "I informed him that if he didn't comply with this and take the test, that he *would* lose his license for a period of 12 months." (Emphasis added.) The statute, 75 Pa.C.S. §1547(b), requires that the operating privileges *will* be suspended for refusal. Comm D. O. T. v. Sinwell, 68 Pa. Commw. 605, 450 A.2d 235 (1982). We believe that Officer Gray's use of the word "would" constituted an equivocal use and was an insufficient warning to defendant. Spirer v.

Comm D. O. T., 52 Pa. Commw. 381, 461 A.2d 587 (1980).

It is for these reasons that we sustained defendant's license supension appeal.