378 A.2d 390

**Dr. Lenwood WERT, Appellant,**

v.

**William J. JENNINGS, Chief County Detective, Chester County Detective's Office.**

Superior Court of Pennsylvania.

Argued March 21, 1977.

Decided Oct. 6, 1977.

---

468

Charles F. Mayer, Media, submitted a brief for appellant.

William R. Muir, Jr., Assistant District Attorney, West Chester, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

The instant case involves one issue: whether a court in Pennsylvania has the authority to order expunction of arrest records, photographs, fingerprints, and any other record of a person who has been charged with, but not convicted of a crime. In a recent decision, we held that a court may do so despite the absence of explicit statutory authorization. *Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584 (1976). Therefore, we remand for a hearing in conformity with our decision in *Malone*.

In October, 1970, appellant testified as a defense witness at the trial of John Mervin, charged with aggravated assault, arising out of a shooting incident which occurred at the Horse and Hound Lounge in West Chester, Chester County. A jury acquitted Mervin. However, as a result of an investigation by local authorities, Mervin and his defense witnesses, including appellant, were charged with perjury and conspiracy. See *Commonwealth v. Mervin*, 230 Pa.Super. 552, 326 A.2d 602 (1974).

Although the grand jury indicted appellant on May 17, 1972, the Commonwealth did not proceed to trial. Subsequently, Mervin was acquitted of the charges relating to suborning the perjury of appellant.[1] As a result, the Chester County District Attorney sought leave of the court to enter a nolle prosequi of the charges. In the petition, the district attorney stated: "In the opinion of your petitioner the Commonwealth will be unable to establish a prima facie case. In this connection it should be noted that in the trial of John Mervin . . .. Mervin was specifically acquitted of the charge alleging suborning of the defendant herein to commit perjury. See *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct.Rep. 1189 [25 L.Ed.2d 469] (1970)."

1. At trial, appellant, an osteopathic physician, testified concerning his treatment of Mervin for a stab wound. At his original trial, Mervin had defended on the ground that the victim had attacked him with a knife before Mervin shot him. Although Mervin was acquitted of the charge relating to appellant, he was convicted on four additional counts. See *Commonwealth v. Mervin, supra*.

On October 24, 1975, appellant petitioned the court to direct expunction of his record taken at the time of his arrest by the State Police and transmitted to the Federal Bureau of Investigation. The court issued a rule to show cause upon the Chester County District Attorney, the Chief of Chester County Detectives, the West Chester Police Department, the State Police and the F.B.I., why the records should not be destroyed. After the district attorney answered the rule, the parties briefed and argued the issue. The court did not hold a hearing because it did not believe that it possessed the authority to order expunction:

". . . it appears in brief that presently in Pennsylvania, a court may order the expunction of arrest records under the specific and limited authority contained in the Controlled Substance, Drug, Device and Cosmetic Act,[2] and in cases involving persons falsely or illegally arrested. A court may of course also direct a district attorney to perform his statutory duty to destroy the fingerprint records in his possession of persons acquitted of criminal charges, as mandated by Section 5 of the Act of 1927.[3] Petitioner's case falls into none of these narrow categories.

"We have been cited to no Pennsylvania authority, statutory or decisional, and our research reveals none enlarging the limited power of the court to order expunction. Quite the contrary, we note several interesting Pennsylvania decisions holding that we have no such power."

Therefore, the court denied the petition on April 14, 1976. This appeal followed.

On December 15, 1976, this Court handed down *Commonwealth v. Malone, supra*, which held:

"It seems clear, therefore, that our appellate courts recognize the right of an accused to seek expungement of an arrest record. Cf. *Sullivan v. Murphy*, 156 U.S.App.D.C. 28,

2. Act of April 14, 1972, P.L. 233, No. 64, § 19, as amended; 35 P.S. § 780–119.

3. Act of April 27, 1927, P.L. 414, § 1; as amended June 29, 1937, P.L. 2433, § 2; April 28, 1943, P.L. 119, § 2; 19 P.S. § 1401 et seq.

478 F.2d 938 (1973). Although our research does not indicate a stated legal basis for that right in our appellate decisions, we believe that such a right is an adjunct to due process. The harm ancillary to an arrest record is obvious: 'Information denominated a record of arrest, if it becomes known, may subject an individual to serious difficulties. Even if no direct economic loss is involved, the injury to an individual's reputation may be substantial. Economic losses themselves may be both direct and serious. . . .' *Menard v. Mitchell*, 139 U.S.App.D.C. 113, 430 F.2d 486, 490–91 (1970). See also *Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). Cf. *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). Thus, it is not hyperbole to suggest that one who is falsely accused is subject to punishment despite his innocence. Punishment of the innocent is the clearest denial of life, liberty and property without due process of law. To remedy such a situation, an individual must be afforded a hearing to present his claim that he is entitled to an expungement that is, because an innocent individual has a right to be free from unwarranted punishment, a court has the authority to remedy the denial of that right by ordering expungement of the arrest record." 244 Pa.Super. at 68, 69, 366 A.2d at 587–88. (footnote omitted).

In *Malone*, the Commonwealth argued that our courts lacked the authority to order expunction and relied on the express authority of the Drug Act and 19 P.S. § 1405 for the proposition that the legislature intended only those narrow grants of the power to expunge. That is, the Commonwealth's position, rejected in *Malone*, is the same as that of the Commonwealth and the lower court in the instant case.

Because the instant case is controlled by *Malone*, we remand for a hearing, as we did in *Malone*. At that hearing, the court must balance the Commonwealth's interest in maintaining arrest records and the individual's right to be free from the harm ancillary to an arrest record. See *Menard v. Mitchell, supra*. As we stated in *Malone*, "[g]iven the substantial interest of an accused in his good name and

472

in freedom from the disability flowing from an arrest record, we believe that the Commonwealth must come forward with compelling evidence to justify retention of such information." 244 Pa.Super. at 70, 366 A.2d at 589.

Therefore, we reverse and order the case remanded for a hearing consistent with this opinion.

VAN der VOORT, J., files a dissenting opinion in which JACOBS and PRICE, JJ., join.

VAN der VOORT, Judge, dissenting:

I respectfully dissent from the decision of the Majority of our Court for the reasons expressed in my Dissenting Opinion in *Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584 (1976).

JACOBS and PRICE, JJ., join in this dissenting opinion.