397 A.2d 1243

**COMMONWEALTH of Pennsylvania**

**v.**

**Sharon ROSE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 19, 1978.

Decided Feb. 16, 1979.

350

Alan Schnoll, Philadelphia, for appellant.

James A. Cunningham, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

Appellant was apprehended on the premises of the Lit Brothers Department Store in Plymouth Meeting Mall in Montgomery County, Pennsylvania, by store employees who had probable cause to believe that she was attempting to

engage in shoplifting. Since the value of the goods was less than $100.00, she was charged with retail theft under 18 Pa.C.S.A. 3929(b)(1), a summary offense. Appellant was acquitted at a trial before a District Justice of the Peace. She thereafter filed a petition to expunge her arrest record in the Court of Common Pleas of Montgomery County, Pennsylvania (No. 198 Misc. of April Term 1976). The Honorable Frederick B. Smillie refused to grant appellant a hearing on the matter and denied the petition. An appeal was taken to the Superior Court, No. 2128 October Term 1976. The case was remanded for a hearing (29 Pa.Cmwlth. 134, 370 A.2d 1223) in accordance with the Superior Court's decision in *Commonwealth v. Malone,* 244 Pa.Super. 62, 366 A.2d 584 (1976). Judge Smillie again denied appellant the requested relief after a hearing and this appeal followed.

The issue presented to us is whether the Commonwealth presented compelling evidence in support of the retention of appellant's arrest record.

The law is cognizant of the difficulties and hardships an individual may incur as a result of a record of arrest. Information which is unquestionably harmful to a person's reputation and changes for advancement in life and which may be misleading and incomplete is available to potential employers, police officers, and other persons who consider the information to be important and reliable. *Menard v. Mitchell,* 139 U.S.App.D.C. 113, 430 F.2d 486 (1970).

■ In appropriate circumstances, the courts have the authority to expunge records of arrest. The judicial remedy of expunction is an adjunct to the inherent rights of Due Process and is not dependent on express statutory authority. However, expunction is proper only in cases where acquittal is consistent with a finding a real innocence and is not a result of legal technicalities unrelated to questions of guilt or innocence. *Commonwealth v. Malone,* supra. The record of the hearing before Judge Smillie and the fact of appellant's acquittal before a District Justice of the Peace establish that appellant was acquitted because the Commonwealth failed to establish her guilt and not because of any procedural defects or other factors unrelated to culpability.

■■ Although the Commonwealth has an interest in gathering and maintaining the records of arrest and criminal conduct, Courts of Common Pleas which have the authority to order expunction of arrest records, must balance the Commonwealth's interest in maintaining these records with the individual's interest in freedom from harm ancillary to the arrest record. The Commonwealth has the burden of presenting compelling evidence to justify the retention of an arrest record.

The record in this case establishes that appellant's employment opportunities will be diminished and her reputation harmed by retention of her arrest record. We must therefore determine whether the Commonwealth has presented compelling evidence in favor of retaining appellant's arrest record and, if so, whether it outweighs appellant's interest in being free from the unfortunate consequences which result from having an arrest record as per the test in *Utz v. Cullinane*, 172 U.S.App.D.C. 67, 520 F.2d 467 (1975).

The Commonwealth submits as reasons for the retention of the arrest record in this case is to inhibit retail theft. This reason is equally applicable or inapplicable to every person charged with retail theft. No analysis of appellant's particular case is made, nor special facts elucidated which show us the necessity of retaining appellant's arrest record. The Commonwealth's contention that the acts allegedly committed by the appellant, for which she was acquitted, were "odious" is not a compelling reason for retention of the record. In our opinion, the Commonwealth has not presented evidence sufficiently compelling to warrant the retention of an arrest record for a summary offense of which appellant was acquitted.

The order of the lower court is therefore reversed and the record of her arrest is expunged.

PRICE, J., dissents.

VAN der VOORT, J., files a dissenting statement.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in consideration or decision of this case.

VAN der VOORT, Judge, dissenting:

I dissent for the reasons set forth in my Dissenting Opinion in *Commonwealth v. Malone,* 244 Pa.Super. 62, 366 A.2d 584 (1976).