406 A.2d 1388

**Stuart Cuspard CHASE, Appellant,**

**v.**

**Honorable Paul KING, Chief of Police, City of Harrisburg and Honorable Paul Chylak, Commissioner, Pennsylvania State Police.**

Superior Court of Pennsylvania.

Argued March 12, 1979.

Decided July 12, 1979.

Carl G. Wass, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for appellees.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Appellant, Stuart Cuspard Chase, appeals from the denial of his petitions to expunge the records of two separate arrests. We will affirm the order denying expungement of the record pertaining to appellant's arrest, trial and acquittal of theft by unlawful taking. The record of his arrest on a charge of assault, however, should have been expunged, and the order denying the same will be reversed.

Appellant's arrest for assault was based on a private complaint filed by his wife following a domestic quarrel in 1974. At the time of preliminary hearing before the magistrate, this charge was withdrawn. The theft charge arose out of a jewelry store robbery occurring in Harrisburg in 1976. An eyewitness identified appellant from a police photograph and gave incriminating testimony at his trial on

a charge of theft by unlawful taking. The jury, however, returned a not guilty verdict.

In *Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584 (1976), this Court recognized a limited right to expungement of arrest records under "appropriate circumstances." This right was said to be an "adjunct to due process" and was based upon a need to balance the interest of an accused in his good name and freedom from unwarranted punishment against the legitimate law enforcement need to maintain records of an individual's prior criminal arrests.

■ In the instant case, the Commonwealth presented no compelling reason for retaining the record of an arrest arising from a domestic quarrel. The charge had been withdrawn by the complainant, and was not returned to court by the magistrate. Under these circumstances, appellant should be freed from the punishment of ill repute, albeit slight, which would result from retention of the record of his arrest. See: *Commonwealth v. Malone*, supra, where charges had been dismissed at the preliminary hearing; and *Wert v. Jennings*, 249 Pa.Super. 467, 378 A.2d 390 (1977), where charges had been nol prossed because the Commonwealth was unable to establish a prima facie case.

■ Appellant's trial and acquittal of theft, however, calls for a different approach. In *Commonwealth v. Mueller*, 258 Pa.Super. 219, 392 A.2d 763 (1978), this Court held in an opinion by Judge (now President Judge) Cercone that "where the record shows that the Commonwealth made out a prima facie case of guilt on the part of an accused, he will then have the burden to affirmatively demonstrate nonculpability at a hearing, otherwise his petition to expunge will be denied." 258 Pa.Super. at 223, 392 A.2d at 765. While the balancing test must nevertheless be applied, the question "is not whether expungement is desirable . . . but whether it is constitutionally required; that is, whether it is necessary in order to prevent punishment of an innocent person."

In the instant case, appellant suggests that the theft charge against him was a case of mistaken identity. He concedes, however, that the Commonwealth made out a prima facie case against him at trial. Indeed, the court below found that the "witnesses who identified [appellant] from the police photograph made positive in-court identification." [1] Appellant failed to demonstrate affirmatively a lack of culpability or a mistaken arrest. His evidence demonstrated only that he had been exonerated of the charge by a jury which had not been convinced of his guilt beyond a reasonable doubt. Appellant has also failed to demonstrate a need for expungement in order to avoid economic loss or personal embarrassment. Although he was suspended from his employment as a postal worker during the pendency of the theft charge, his acquittal resulted in immediate reinstatement.

Under these circumstances, we conclude that the public interest requires retention of the record of those criminal proceedings brought against appellant as a result of the jewelry store robbery.

The order denying expungement of appellant's record of an arrest for theft by unlawful taking is affirmed. The order denying expungement of the record of his arrest for simple assault is reversed, and the case is remanded for entry of an order consistent with the foregoing opinion.

HOFFMAN, J., files a concurring and dissenting opinion.

HOFFMAN, Judge, concurring and dissenting:

I agree that the records of the simple assault arrest should be expunged. However, I vigorously dissent to the affirmance of the lower court's refusal to expunge the records of the theft arrest.

1. This quoted statement appears in the opinion filed by the trial court. The comment of the hearing judge upon which the dissenting opinion relies and which it refers to as "a finding of fact on the record" occurred during an exchange between the court and counsel at the expungement hearing and before completion thereof. The lower court's written opinion contains no finding that would exonerate appellant from culpability.

In *Commonwealth v. Malone*, 244 Pa.Super. 62, 69, 366 A.2d 584, 588 (1976), we held that an *innocent* person has a *constitutional right* to expungement because "[p]unishment of the innocent is the clearest denial of life, liberty and property without due process of law." Consistent with *Malone*, we also stated recently in *Commonwealth v. Mueller*, 258 Pa.Super. 219, 223, 392 A.2d 763, 765 (1978), that while expungement is not required where a prosecution is terminated for reasons unrelated to guilt or innocence, expungement is *constitutionally necessary* to prevent punishment of an *innocent* person. Even more recently, in *Commonwealth v. Rose*, 263 Pa.Super. 349, 351, 397 A.2d 1243, 1244 (1979), we ordered petitioner's arrest records for retail theft expunged because "[t]he record of the [expungement] hearing . . . and the fact of [petitioner's] acquittal . . . establish that [petitioner] was acquitted because the Commonwealth failed to establish her guilt and not because of any procedural factors unrelated to culpability." Thus, all of our *en banc* cases clearly hold that when a person is acquitted of charges against him on the merits, and at his expungement hearing satisfies the hearing judge of his innocence of the same charges, his arrest records *must* be expunged as a matter of constitutional right.

Here, it is conceded that the jury found appellant not guilty of the theft charge after a full and fair trial. However, the majority refuses to order expungement because "[a]ppellant failed to demonstrate affirmatively a lack of culpability or a mistaken arrest." This statement is refuted by the records. The expungement hearing judge below, who also presided over appellant's theft trial, made a finding of fact *on the record* that appellant *had* demonstrated his innocence of the charges. He stated: "I personally feel you were done an injustice and I agree with the jury verdict. . . . *[A]s far as I am concerned it was a case of mistaken identity* . . . .. It [the crime charged] was so completely inconsistent with the background of the case. I think that is what led to the jury's verdict." (emphasis

added). Because appellant has affirmatively demonstrated his innocence to the expungement hearing court, his arrest record must be expunged as a matter of constitutional right.

The majority suggests two other reasons why we can refuse to expunge. The first is that the Commonwealth made out a *prima facie* case against appellant because of two witnesses who made positive identifications of appellant. The short answer to this is that the jury's verdict shows that those identifications were mistaken. At trial, appellant presented no defense except alibi. The most unequivocal identification can be mistaken, as the jury must have found and the hearing judge *explicitly* found. Secondly, the majority states that appellant failed to show any future harm due to the maintenance of his arrest records because he has been reinstated to his employment. Even assuming that this sort of proof is necessary where the petitioner has affirmatively demonstrated his innocence, the majority misses the point here. An arrest record hangs like the sword of Damocles over one's life. The mistakenly arrested person never knows when it will cause a denial of credit, loss of a new job, or simply the loss of esteem, trust, and respect from other members of the community.[1] *See Menard v. Mitchell*, 430 F.2d 486, 490–91 (1970).

There is no basis for the majority's refusal to order expungement of the records of appellant's theft arrest. By affirming, the majority has disregarded both the findings of the court below and the verdict of the jury at the theft trial. They have weakened the principles of *Malone* and *Mueller* and ignored *Rose*, a case on all fours with the instant case. Therefore, I respectfully dissent.

1. In fact, this case is a vivid example of the importance of expungement to law-abiding persons who are mistakenly arrested. Appellant was here arrested on the theft charge because of the witnesses' (mistaken) identifications of him from a police photograph maintained in his records from the assault arrest! In other words, if appellant's assault records had been promptly expunged (as we today order they must), appellant never would have been arrested, suspended from his job, and placed in jeopardy at a criminal trial.