411 A.2d 754

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Margaret IACINO.**

Superior Court of Pennsylvania.

Argued April 12, 1979.

Filed Oct. 5, 1979.

Frances S. Palmer, Assistant District Attorney, Mercer, for Commonwealth, appellant.

Stephen J. Mirizio, Sharon, for appellee.

Before CERCONE, President Judge, and PRICE, VAN der VOORT, SPAETH, HESTER and WIEAND, JJ.

HESTER, Judge:

This is an appeal from the Order of the Court of Common Pleas of Mercer County, Criminal Division, directing the appropriate custodians of criminal records to expunge the official and unofficial records pertaining to charges at the above term and number. The procedural history and facts relevant to the issue are as follows:

Appellee was one of four persons arrested in an apartment in Hermitage Township in Mercer County on November 8, 1972. She was later indicted by the grand jury on ten counts as follows:

(1) Unlawful possession of four ounces of marijuana in violation of Act 64 of 1972, Section 13(a)(16).

(2) Conspiracy with Mark DiBattiste, Doreen J. Price and John DiBattiste and others to possess marijuana in violation of 18 P.S. 3402 [4302].

(3) Unlawful possession of four ounces of marijuana with intent to deliver in violation of Act 64 of 1972, Section 13(a)(30).

(4) Conspiracy with Mark DiBattiste, Doreen J. Price and John DiBattiste concerning the possession of the marijuana with intent to deliver in violation of 18 P.S. 3402 [4302].

(5) Unlawful possession of 189 capsules of Secobarbital, a Schedule III drug, in violation of Act 64 of 1972, Section 13(a)(16).

(6) Conspiracy with Mark DiBattiste, Doreen J. Price and John DiBattiste concerning possession of Secobarbital, in violation of 18 P.S. 3402 [4302].

(7) Unlawful possession of 189 capsules of Secobarbital with intent to deliver in violation of Act 64 of 1972, Section 13(a)(30).

(8) Conspiracy with Mark DiBattiste, Doreen J. Price and John DiBattiste concerning delivery of Secobarbital in violation of 18 P.S. 4302.

(9) Unlawful possession of 2 capsules of Nembutal in violation of Act 64 of 1972, Section 13(a)(16).

(10) Conspiracy with Mark DiBattiste, Doreen J. Price and John DiBattiste concerning possession of Nembutal in violation of 18 P.S. 4302.

The arrest was the result of the execution of a search warrant secured for the premises appellee was residing in with one John DiBattiste. Police officers entered the premises to arrest DiBattiste pursuant to a warrant for sale of a controlled substance. He was later tried, convicted, and sentenced but all evidence secured in the search of the premises was suppressed because of the manner of execution of the arrest warrant on DiBattiste. Subsequently, all charges against appellee were Nolle Prossed.

Appellee filed a Petition to Expunge and a hearing was held on September 6, 1977. Appellee testified that although she had secured a real estate license in Pennsylvania, she

was unable to do so in Ohio because of her arrest record. The question on the application was: "Have you ever been arrested?" On September 6, 1977, the lower court entered an order denying appellee's petition. Appellee filed an appeal, which was subsequently withdrawn, and an amended petition filed with the lower court under the auspices of *Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584 (1976). A hearing was held on the amended petition on December 28, 1977, incorporating the earlier testimony into the record. On January 23, 1978, the Honorable Albert E. Acker granted the prayer of appellee's petition. The Commonwealth filed a timely appeal from the order granting expungement.

Appellant contends the lower court erred in granting the Petition to Expunge contrary to the provisions of the Controlled Substance, Drug, Devise and Cosmetic Act. Act of April 14, 1972, P.L. 233, No. 64, Section 1 et seq.; 35 P.S. 780–101 et seq.

The section entitled, "Expunging Criminal Records", 35 P.S. 780–119 provides as follows:

"(a) Any records of arrest or prosecution or both for a criminal offense under this act, except for persons indicted for violations of clause (30) of subsection (a) of section 13, or under the provisions previously governing controlled substances in the Commonwealth of Pennsylvania or any political subdivision thereof shall be promptly expunged from the official and unofficial arrest and other criminal records pertaining to that individual when the charges are withdrawn or dismissed or the person is acquitted of the charges: Provided, That such expungement shall be available as a matter of right to any person only once. Within five days after such withdrawal, dismissal or acquittal the court, in writing, shall order the appropriate keepers of criminal records (i) to expunge and destroy the official and unofficial arrest and other criminal records of that individual, to request in so far as they are able the return of such records as they have made available to Federal and other State agencies, and to destroy such records on

receipt thereof; (ii) to file with the court within thirty days an affidavit that such records have been expunged and destroyed, together with the court's expunction order and to retain no copies thereof. Upon receipt of such affidavit, the court shall seal the same together with the original and all copies of its expunction order and shall not permit any person or agency to examine such sealed documents."

"The court shall file with the council a list of those persons whose record was expunged. The council shall maintain a confidential list, which list may be used only for the purpose of determining the eligibility of persons for the expunction provisions under this section and to be made available to any court upon request."

"(c) Nothing contained in this section shall prohibit a person acting pursuant to prior practice from petitioning an appropriate court for an expunction order."

■ Although appellee clearly was charged with violating Clause 30 of subsection (a) of section 13, (35 P.S. 780–113(a)(30)) a reading of 35 P.S. 780–119 indicates expunction pursuant to its provisions is a matter of right and is to take place automatically within five days after withdrawal, dismissal or acquittal in court. It is a matter of right only once to have a record expunged provided you were not charged either with a Clause 30 violation, or under a prior Controlled Substance Act of the Commonwealth. We do not interpret this section to mean that anyone charged with a violation of Clause 30 is precluded from filing a petition to expunge an arrest record. On the contrary, section (c) of 35 P.S. 780–119 clearly provides otherwise. We have held that the right of an accused to petition for expungement is an adjunct to due process and is not dependent upon express statutory authority. *Commonwealth v. Rose*, 263 Pa.Super. 349, 397 A.2d 1243 (1979); *Commonwealth v. Malone*, supra.

Recently, we have further held that expunction is proper only where acquittal is consistent with a finding of real innocence and is not the result of legal technicalities unrelated to questions of guilt or innocence. *Commonwealth v.*

*Rose,* supra. Furthermore, in *Commonwealth v. Mueller,* 258 Pa.Super. 219, 392 A.2d 763 (1978), we held that once a prima facie case had been proven by the Commonwealth, the accused had the burden of affirmatively demonstrating non-culpability. Upon such a showing, the court should then weigh the Commonwealth's interest in retaining the record against the accused's interest in being free of whatever disabilities were caused by the criminal record.

However, these cases were decided subsequent to the instant case, and are inapposite. The controlling standard as set forth in *Wert v. Jennings,* 249 Pa.Super. 467, 378 A.2d 390 (1977); *Commonwealth v. Malone,* supra, was for the court to balance the Commonwealth's interest in maintaining the record against the petitioner's right to be free from harm ancillary to the arrest record. Under this standard, the Commonwealth is required to come forward with compelling evidence to justify retention of the information. The sole reason advanced by the appellant to justify retention of the records is the possibility that companion cases would also require expungement due to the fact that appellee was charged along with others in the DiBattiste indictment, which was also nolle prossed. Appellee testified as to her problem in obtaining a real estate license as a result of her arrest record. The lower court in balancing the interests decided the appellant had not advanced an adequate reason to retain the record of arrest.

Accordingly, since we find the provision of the Controlled Substance Act relating to expungement is inapposite, and there has been no abuse of discretion by the lower court, we hereby affirm the Order of January 23, 1978.

VAN der VOORT, J., concurs in the result.

SPAETH, J., files a concurring opinion in which CERCONE, President Judge, joins.

PRICE, J., files a dissenting statement.

WIEAND, J., files a dissenting statement.

SPAETH, Judge concurring:

I agree with Judge HESTER that appellee had a right independent of her right under section 119 of the Controlled Substance, Drug, Device and Cosmetic Act, to have her arrest record expunged. I also agree that the lower court here properly ordered the record expunged. As my analysis in reaching this conclusion differs somewhat from Judge HESTER's, however, I offer this concurring opinion.

Judge HESTER applies *Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584 (1976), but declines to apply *Commonwealth v. Mueller*, 258 Pa.Super. 219, 392 A.2d 763 (1978), which to some extent limited *Malone*. His reasoning is that since the lower court's decision in this case was made before *Mueller, Mueller* does not apply. In my view, *Mueller* does apply, but even when applied it is clear, and here I share Judge HESTER's view, that the decision of the lower court must be affirmed.

In *Malone* the charges against the petitioner had been dismissed at a preliminary hearing because the Commonwealth failed to establish a *prima facie* case. We held that in such a case, principles of due process require that the Commonwealth present compelling evidence justifying retention of the arrest record. In *Mueller*, the Commonwealth had established a prima facie case but the petitioner was discharged pursuant to Rule 1100 before trial on the merits. There the President Judge, for the majority of this court, stated:

> Accordingly, where the record shows that the Commonwealth made out a prima facie case of guilt on the part of an accused, he will then have the burden to affirmatively demonstrate non-culpability at a hearing, otherwise his petition to expunge will be denied. If, however, such a showing is made, the court must weigh the Commonwealth's interest in retaining appellee's arrest record against appellee's interest in being free from whatever disabilities the record may create.

258 Pa.Super. at 223, 392 A.2d at 765.

This case is closer to *Mueller* than to *Malone*, for here the Commonwealth established a *prima facie* case against appellee and the case was dismissed because evidence was suppressed. Therefore, in deciding whether the Commonwealth's interest in retaining the arrest record outweighed appellee's interest in having it expunged, the lower court was required to determine whether appellee had "affirmatively demonstrate[d] [her] non-culpability." 258 Pa.Super. at 223, 392 A.2d at 765.

The evidence in this case was as follows. Appellee was one of four people arrested in an apartment in Mercer County after a police raid. The police were after an acquaintance of appellee, John DeBattiste, and arrested him in the apartment. When a search of the apartment uncovered some controlled substances, all the other people in the apartment, including appellee, were arrested. Appellee's case was nol prossed after the substances uncovered in the search were suppressed.

After reviewing this evidence, Judge ACKER, the same judge who sat at the suppression hearing and who entered the order granting the Commonwealth's application to nol pros in 1973, stated that the case arose as a result of something "akin to [a] dragnet type arrest[ ] [for] [c]learly she [appellee] was not a target of the police at the time of the raid but was caught up in it by being with DeBattiste." Lower ct. op. at 7.

Judge ACKER also stated:

The petitioner [appellee] was not established to be a participant in the criminal activities of those with whom she was associating at the time of the raid leading to her arrest. The man with whom she was involved, John DeBattiste, was subsequently convicted of a drug-related crime unrelated to that for which the raid was conducted and served a period of years in a penal institution. Despite his return to this community and his alleged re-entry into the drug scene of the community as claimed by the Commonwealth, there is no evidence or even an allegation of petitioner's continued association with him or of any

misconduct upon her part. At the time of her association with DeBattiste, she was but 19 years of age. She is presently 25 years of age, now working as a full-time licensed real estate sales person [in Pennsylvania]. She was caught up in an illegally conducted raid. There was no evidence to support a conviction other than that which may have been obtained in the raid. However, under current law at least, *the defendant was grossly overcharged and it would be questionable whether a conviction could stand even if the raid was properly conducted for there was no evidence of of actual or constructive possession of the drugs found in the apartment where the raid was conducted.* Lower ct. op. at 4–5 (emphasis added).

This statement, I submit, demonstrates that in Judge ACKER's opinion appellee was not culpable. If I may revert to Judge HESTER'S point, regarding the applicability of *Mueller*: Had Judge ACKER known about *Mueller*, I have no doubt that he would have cast his statement in its words, and said that he found that appellee had "affirmatively demonstrate[d] [her] non-culpability." As it is, there is very little difference between what we said in *Mueller* and Judge ACKER said here.

I should also hold that "the Commonwealth's interest in retaining appellee's arrest record" did not outweigh "appellee's interest in being free from whatever disabilities the record may create." In determining the relative strengths of the Commonwealth's and petitioner's interest in this type of case, several factors should be considered. These include the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied.

When these factors are considered here, it is clear that the lower court acted properly in ordering appellee's record expunged. The Commonwealth's case against appellee was

very weak—appellee demonstrated her non-culpability. The Commonwealth's reason for wishing to retain her arrest record was even weaker, for it only alleged that expunction would result in a partial expunction of the record it had in the case against DeBattiste to the extent that that record charged a conspiracy with appellee; the Commonwealth, however, had a complete record of DeBattiste's arrest and conviction in a separate case in which appellee was not involved. The evidence favoring expunction was very strong. Appellee was only nineteen years old when arrested, and in the six years that had passed since the arrest she had not been arrested again for any other charge, and no longer had any connection with DeBattiste. Furthermore, she was working two jobs and needed to have her record expunged in order to obtain a real estate license in Ohio to further her career in real estate. In these circumstances her interest in having her record expunged by far outweighed the Commonwealth's interest in retaining it.

I should affirm the decision of the court below.

CERCONE, President Judge, joins in this opinion.

PRICE, Judge, dissenting:

I dissent. I am of the view that *Chase v. King*, 267 Pa.Super. 498, 406 A.2d 1388 (1979) controls and in my opinion requires reversal in the present appeal before us.

WIEAND, Judge dissenting:

I respectfully dissent.

In *Commonwealth v. Mueller*, 258 Pa.Super. 219, 223, 392 A.2d 763, 765 (1978), this Court held that "where the record shows that the Commonwealth made out a prima facie case of guilt on the part of an accused, he will then have the burden to affirmatively demonstrate non-culpability at a hearing, otherwise his petition to expunge will be denied." See also: *Chase v. King*, 267 Pa.Super. 498, 406 A.2d 1388 (1979).

360

In the instant case, the Commonwealth did make out a prima facie case against appellee, but the case was ultimately dismissed because the Commonwealth's evidence was suppressed. Under these circumstances, appellee was required to demonstrate affirmatively her nonculpability. This she did not do. Moreover, the trial court did not find that appellee had proven freedom from criminal responsibility. To opine that appellee had been grossly overcharged, as the trial court did, or to suggest that there was no incriminating evidence except that which had been suppressed, was most certainly not equivalent to a finding of nonculpability. In the absence of such proof, the order granting expungement should be reversed. Thus, my dissent.