419 A.2d 1351

**COMMONWEALTH of Pennsylvania**

v.

**Christopher E. BAILEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Filed May 30, 1980.

52

Nino V. Tinari, Philadelphia, for appellant.

William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before CERCONE, President Judge, SPAETH and LIPEZ, JJ.

CERCONE, President Judge:

In 1977, appellant was arrested and charged with burglary, rape, indecent assault, terroristic threats, and possession of offensive weapons. At trial, the lower court sustained

demurrers to the charges of terroristic threats and possession of offensive weapons, and the jury found appellant not guilty on the remaining charges. Thereafter, appellant filed a petition to expunge which on August 16, 1977, was "stricken for lack of prosecution." [1] On September 9, 1977, appellant filed a new petition to expunge which was identical to the earlier one. On November 18, 1977, this second petition was dismissed by reason of appellant's failure to appeal from the prior order of August 16, 1977. This appeal followed.

██ Initially, it must be recognized that the right to seek expungement of criminal records is now firmly established in this Commonwealth. *Commonwealth v. Malone*, 244 Pa. Super. 62, 366 A.2d 584 (1976); *Commonwealth v. Mueller*, 258 Pa.Super. 219, 392 A.2d 763 (1978); *Commonwealth v. Rose*, 263 Pa.Super. 349, 397 A.2d 1243 (1979). Furthermore, this right is an adjunct to due process and, therefore, "an individual must be afforded a hearing to present his claim that he is entitled to an expungement . . . ." *Commonwealth v. Malone*, 244 Pa.Super. at 69, 366 A.2d at 588.

██ In the case at bar, the issue is whether an individual is entitled to have a hearing on a second expungement petition after failing to appeal a lower court order striking an identical prior petition "for lack of prosecution." Given the substantial interest an individual has in being free of the disabilities which attend an unwarranted criminal record, see *Commonwealth v. Malone*, supra; and the legal effect of the phrase "stricken for lack of prosecution;" we are of the opinion that appellant's second petition must be entertained by the lower court.

██ Although a petition to expunge finds its genesis in criminal charges against the petitioner, the relief requested is, in essence, civil in nature and, therefore, the rules of civil procedure should govern in most circumstances. See *Irani v. District of Columbia*, 292 A.2d 804 (D.C.App.1972). The

---

**1.** This order was prompted by the failure of appellant and his counsel to appear at the expungement hearing which had previously been rescheduled on several occasions at their request.

54

phrase "stricken for lack of prosecution," when viewed in the context of the circumstances of this case and the civil rules, is equivalent to a non pros or non–suit[2] for failure to diligently prosecute a claim or appear at trial. See generally, Goodrich–Amram 2d § 231 (1976); 5 Standard Pennsylvania Practice Ch. 21, § 34 et seq. (1958). In either case, the crucial fact is that the plaintiff, as in the case *sub judice*, has never been afforded a day in court to present his claim on the merits, albeit due to his own delay or failure to appear. Nevertheless, it is well settled that in both of these situations the plaintiff is permitted to commence an identical second action provided the statute of limitations has not expired and the costs of the previous action have been paid. See Pa.R.C.P. No. 231(a); *Brower v. Berlo Vending Co.*, 254 Pa.Super. 402, 386 A.2d 11 (1978); *Gordon Stuart Ltd. v. Allen Shops, Inc.*, 239 Pa.Super. 35, 361 A.2d 770 (1976). We believe that the same rule must obtain in the case at bar.

While it is true that an individual seeking expungement is not confronted with a running statute of limitations, there is no reason apparent from the record in this case why appellant's right to a hearing could not be conditioned upon payment of any reasonable costs incurred as a result of the failure to diligently pursue to a conclusion the previous petition.[3] Moreover, in the unlikely event that a petitioner or his counsel repeatedly failed to appear at a scheduled hearing the court could invoke its inherent disciplinary powers to guard against abuse of the judicial system. Such measures are far more appropriate than forever barring an individual from establishing that he is entitled to expungement on the grounds that an earlier identical petition had been "stricken for lack of prosecution."

Order reversed and the case remanded for proceedings consistent with this opinion.

2. This should be distinguished from a compulsory non–suit for failure to prove a case. Pa.R.C.P. No. 231(b).

3. We need not express any opinion whether laches could operate as a bar to relief in a given case.