436 A.2d 226

**COMMONWEALTH of Pennsylvania**

v.

**Amaryllis C. BLAIKLOCK, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 6, 1981.

Filed Oct. 23, 1981.

James F. Crotty, Glenside, for appellant.

David M. McGlaughlin, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in denying her petition to expunge her criminal arrest records concerning an alleged instance of retail theft. For the reasons which follow, we conclude that the lower court abused its discretion in denying appellant's petition and, accordingly, reverse the order of the court below and direct that the records be expunged.

On January 15, 1979, appellant was charged with the summary offense of retail theft, 18 Pa.C.S.A. § 3929, arising from an incident which had occurred earlier that day in the Bonwit Teller department store in Jenkintown. Appellant was found guilty of that charge following a trial before a magistrate on February 21, 1979. Appellant then appealed to the Court of Common Pleas pursuant to Pa.R.Crim.P. 67. Because a crucial Commonwealth witness failed to appear at appellant's trial *de novo*, the Commonwealth was unable to prove its case against appellant. Consequently, the lower court found appellant not guilty of the charge. Appellant subsequently filed the present petition, alleging that her records concerning the retail theft should be expunged because their retention was unjustified due to her acquittal and that their retention would expose her to unwarranted humiliation and harassment. Following a hearing, the lower court denied her petition, reasoning that "[n]either [appellant's] acquittal nor the record of the expunction hearing satisfied [it] of [her] innocence of the charge." Opinion of the Lower Court at 4–5. This appeal followed.

Appellant contends that the records of her arrest for the retail theft should have been expunged because she had been found not guilty of the summary charge following a trial *de novo* in the Court of Common Pleas. We agree. It is now well settled in this Commonwealth that the right to seek expungement of criminal arrest records is an adjunct

to substantive due process. *Commonwealth v. Wexler*, 494 Pa. 325, 330, 431 A.2d 877, 879 (1981); *Commonwealth v. Briley*, 278 Pa.Super. 363, 365, 420 A.2d 582, 584 (1980); *Commonwealth v. Bailey*, 278 Pa.Super. 51, 53, 419 A.2d 1351, 1352 (1980); *Commonwealth v. Malone*, 244 Pa.Super. 62, 67–70, 366 A.2d 584, 587–88 (1976). "[I]n acting on expunction petitions the court must engage in a balancing process, weighing the individual's due process interest in being free from the stigma of an arrest record against the state's interest in maintaining accurate records relating to persons suspected of criminal activity." *Commonwealth v. Welford*, 279 Pa.Super. 300, 303, 420 A.2d 1344, 1345 (1980), citing *Commonwealth v. Briley, supra*, 278 Pa.Super. at 365–69, 420 A.2d at 584–85. *See also Commonwealth v. Wexler, supra*, 494 Pa. at 329, 431 A.2d at 879. In striking that balance, a court should consider a variety of factors, "includ[ing] the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied." *Id.*, 494 Pa. at 330, 431 A.2d at 879, quoting *Commonwealth v. Iacino*, 270 Pa.Super. 350, 358, 411 A.2d 754, 759 (1979) (SPAETH, J., concurring). Moreover, "if the Commonwealth *does not* bear its burden of proof [of the petitioner's guilt] beyond a reasonable doubt . . ., or admits that it is *unable* to bear its burden of proof . . ., the Commonwealth must bear the burden of justifying [by compelling evidence] why the arrest record should not be expunged." *Commonwealth v. Wexler, supra*, 494 Pa. at 331, 431 A.2d at 880 (emphasis in original). *See also Commonwealth v. Briley, supra*, 278 Pa.Super. at 368, 420 A.2d at 585; *Commonwealth v. Rose*, 263 Pa.Super. 349, 352, 397 A.2d 1243, 1244 (1979); *Wert v. Jennings*, 249 Pa.Super. 467, 472, 378 A.2d 390, 393 (1977), *aff'd mem.*, 488 Pa. 124, 411 A.2d 218 (1980); Ober, *Expungement of Crimi-*

*nal Arrest Records: The State of the Law in Pennsylvania,* 83 Dick.L.Rev. 425, 433 (1978). In *Rose,* this Court ruled that the Commonwealth's bare assertion of its interest in gathering and maintaining arrest records for retail theft was not such "compelling evidence in favor of retaining appellant's arrest record [as to] outweigh[ ] appellant's interest in being free from the unfortunate consequences which result from having an arrest record." 263 Pa.Super. at 352, 397 A.2d at 1244. *See also Commonwealth v. Wexler, supra,* 494 Pa. at 332, 431 A.2d at 880–81 (When there has been no analysis of the particular case, nor special facts cited, "[t]he mere assertion of a general interest in maintaining accurate records of those accused of crime is not convincing."). Here, as in *Rose,* the petitioner had been acquitted of the summary offense of retail theft and the record adequately demonstrated the untoward consequences which would otherwise flow from the perpetuation of her arrest record for the retail theft. Additionally, as in *Wexler,* there was no analysis of appellant's particular case nor any special facts cited by the Commonwealth to justify retention of her records. Consequently, we conclude that the lower court abused its discretion in denying appellant's petition.[*]

The order of the lower court is reversed and the records of appellant's arrest for retail theft are hereby ordered expunged.

PRICE, J., did not participate in the consideration or decision of this case.

---

[*] Because the Court of Common Pleas *in fact acquitted* appellant at her trial *de novo,* this case is *not* governed by those cases which have imposed upon a petitioner seeking expungement the burden of establishing his non-culpability. *Compare Commonwealth v. Briley, supra,* 278 Pa.Super. at 369–71, 420 A.2d at 585–86, *with Commonwealth v. Iacino,* 270 Pa.Super. 350, 411 A.2d 754 (1979) (plurality opinion) (prosecution terminated on suppression issue); *and with Commonwealth v. Mueller,* 258 Pa.Super. 219, 392 A.2d 763 (1978) (violation of Pa.R.Crim.P. 1100). We express no view on the continued vitality of *Mueller* and *Iacino* in light of the decision of our Supreme Court in *Wexler.*