441 A.2d 1244

**COMMONWEALTH of Pennsylvania**

v.

**Edward F. HUGHES, Appellant.**

Superior Court of Pennsylvania.

Argued June 12, 1979.

Filed Feb. 16, 1982.

Roger Harrington, Philadelphia, for appellant.

Bert Goodman, Assistant District Attorney, Norristown, submitted a brief on behalf of Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

* President Judge John Q. Stranahan, of the Court of Common Pleas of Mercer County, Pennsylvania, is sitting by designation.

SUGERMAN, Judge:

Appellant, on appeal, contends that the lower court committed error in dismissing his petition to expunge his arrest record without holding a hearing thereon.

To properly assess Appellant's contention, we must briefly recount the facts. Bearing in mind that the lower court held no hearing upon Appellant's petition, and there is thus no record, we glean the facts from the petition, the answer thereto filed by the Commonwealth and the opinion of the lower court.

Appellant was arrested in Montgomery County by an officer of the Whitemarsh Township police department upon a charge of public drunkenness[1] and taken to the Whitemarsh Township police headquarters building. As Appellant was being placed in a cell, he allegedly swung his belt at the arresting officer, and when finally in the cell, allegedly set fire to a blanket. As the result of such asserted conduct, Appellant was charged with aggravated assault[2] and arson endangering property[3], in addition to public drunkenness.

Subsequently, Appellant appeared before a district justice for a preliminary hearing and pleaded guilty to the charge of public drunkenness. The Commonwealth did not proceed upon and apparently withdrew the charges of arson and aggravated assault[4].

---

Judge Leonard Sugerman, of the Court of Common Pleas of Chester County, Pennsylvania, is sitting by designation.

1. 18 Pa. C.S.A. § 5505.

2. 18 Pa. C.S.A. § 2702(a)(1).

3. 18 Pa. C.S.A. § 3301(b)(1).

4. Appellant, in his petition to expunge, asserts that the district justice granted the Commonwealth's motion for a *nolle prosequi* upon the charges of arson and aggravated assault. Pa.R.Crim.P. 313(a) authorizes a court of common pleas to order a *nolle prosequi* upon the Commonwealth's motion but we are unaware of any such authority on the part of a district justice. *Compare* Pa.R.Crim.P. 141(a)(2), 143(a) and 145.

Thereafter, Appellant filed the instant petition seeking expunction of all records pertaining to his arrest upon the charges of arson and aggravated assault.

In his petition, Appellant averred *inter alia*, that his arrest upon the latter charges and the record thereof has caused him embarrassment and irreparable harm, and the Commonwealth will not be harmed in the event Appellant's records are expunged. The Commonwealth, in its answer to the petition, asserted, without more, that it would be "greatly harmed" if the petition were granted. In new matter, the Commonwealth averred, again without more, that " . . . under the existing facts and circumstances in the instant case, expungement [sic] is not appropriate". These allegations together with an admission by the Commonwealth that the district justice had granted the Commonwealth's motion for a *nolle prosequi* and a copy of the criminal complaint constituted the only record before the court at the time it entered the order denying Appellant's petition.[5]

In its able opinion filed in response to Pa.R.A.P. 1925(a), the lower court referred to the entry of Appellant's plea to the charge of public drunkenness, and the contemporaneous "entry" of the *nolle prosequi* upon the Commonwealth's request, as a plea bargain. The lower court then reviewed our decisions in *Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584 (1976) and *Commonwealth v. Mueller*, 258 Pa.Super. 219, 392 A.2d 763 (1978), and distinguished those decisions from the case at hand on the ground that *Malone* and *Mueller* mandated hearings in order to "prevent the punishment of an innocent person", while in the case at bar, the charges of arson and aggravated assault were "*nolle prossed* . . . at the volition . . ." of Appellant. Opinion of lower court, at 7. The lower court then stated its rationale:

> "If every defendant, who voluntarily enters into a plea bargain was given the right to an evidentiary hearing,

5. The lower court's opinion notes that oral argument was held upon Appellant's petition, but again, there is no record of the argument.

[presumably, upon a petition to expunge those charges withdrawn or *nol prossed* in exchange for the plea] and expungement [sic] was granted, such would make it most difficult to administer the Commonwealth's Criminal Identification System . . ." *Id.* at 8.

It can no longer be doubted "that in certain circumstances, substantive due process guarantees an individual the right to have his or her arrest record expunged", *Commonwealth v. Wexler*, 494 Pa. 325, 329, 431 A.2d 877, 879 (1981), and the right to petition for expunction is thus an adjunct to due process. *Commonwealth v. Armstrong*, 495 Pa. 506, 509, 434 A.2d 1205, 1206 (1981). *Accord, Commonwealth v. Capone*, 282 Pa.Super. 458, 459, 422 A.2d 1383, 1384 (1980); *Commonwealth v. Welford*, 279 Pa.Super. 300, 302, 420 A.2d 1344, 1345 (1980); *Commonwealth v. Briley*, 278 Pa.Super. 363, 366, 420 A.2d 582, 584 (1980); *Commonwealth v. Bailey*, 278 Pa.Super. 51, 53, 419 A.2d 1351, 1352 (1980); *Commonwealth v. Iacino*, 270 Pa.Super. 350, 354, 411 A.2d 754, 757 (1979); *Commonwealth v. Rose*, 263 Pa.Super. 349, 351, 397 A.2d 1243, 1244 (1979); *Commonwealth v. Mueller*, 258 Pa.Super. 219, 222, 392 A.2d 763, 764 (1978); *Commonwealth v. Malone*, 244 Pa.Super. 62, 68, 366 A.2d 584, 587 (1976). As a petitioner's right is thus of constitutional dimension, a hearing upon a petition to expunge is mandated to determine whether the circumstances require expunction. *Commonwealth v. Bailey*, supra, 278 Pa.Super. at 53, 419 A.2d at 1352; *Wert v. Jennings*, 249 Pa.Super. 467, 471, 378 A.2d 390, 392 (1977), aff'd mem., 488 Pa. 124, 411 A.2d 218 (1980); *Commonwealth v. Malone*, supra, 244 Pa.Super. at 71, 366 A.2d at 589. As Appellant was denied a hearing, we must remand.[6]

Having determined that Appellant must be afforded a hearing upon his petition to expunge, we should also

---

**6.** We hasten to note that with the exception of *Malone, Wert* and *Mueller*, all the decisions upon which we rely were filed subsequent to the date of the lower court's order.

address the nature of the proceeding to be conducted by the lower court. As we have observed, there is no record of the events that occurred at Appellant's preliminary hearing and the lower court should therefore endeavor to reconstruct on the record the events transpiring thereat. Following such reconstruction, if it appears that the Commonwealth withdrew the charges of arson and aggravated assault or in some fashion caused them to be the subject of a *nolle prosequi*, without presenting evidence to the District Justice on the charges, then the burden will fall upon the Commonwealth to present compelling evidence to justify the retention of Appellant's arrest record, as it will be recalled that "if the Commonwealth *does not* bear its burden of proof [of the petitioner's guilt] beyond a reasonable doubt ... or admits that it is *unable* to bear its burden of proof ... the Commonwealth must bear the burden of justifying [by compelling evidence] why the arrest record should not be expunged".[7] *Commonwealth v. Blaiklock*, 291 Pa.Super. 497,

**7.** As we earlier observed, the Commonwealth in its answer to Appellant's petition to expunge responded without amplification that it would be "greatly harmed" if Appellant's arrest record were expunged, and that the "facts and circumstances" did not warrant expunction. Such general assertions do not constitute "compelling evidence" in favor of retaining an arrest record. *Commonwealth v. Rose*, supra, 263 Pa.Super. at 351, 397 A.2d at 1244. *See also Commonwealth v. Wexler*, supra, 494 Pa. at 335, 431 A.2d at 880–81, and *Commonwealth v. Blaiklock*, supra, 291 Pa.Super. at 501, 436 A.2d at 228.

We also observe that it is more than hyperbole to suggest that our allocation of the burden of proof instantly finds support in the core concept that one accused of crime is presumed innocent "until the prosecuting attorney has demonstrated beyond a reasonable doubt to an impartial jury of the vicinage that [the accused] and the malefactor are identical, or that his actions match the definition or conform to the elements of the malefaction of which he stands accused". *Commonwealth v. Raffensberger*, 291 Pa.Super. 193, 196, 435 A.2d 864, 865 (1981). Recognizing as we do the harm ancillary to the retention of an arrest record, *Commonwealth v. Malone*, supra, 244 Pa.Super. at 68–69, 366 A.2d at 587–88, (*quoting Menard v. Mitchell*, 430 F.2d 486, 490–91 (D.C. Cir. 1970)) (both quoted with approval in *Commonwealth v. Armstrong*, supra, 495 Pa. at 509, 434 A.2d at 1205), it is clearly appropriate that the Commonwealth be required to bear the burden of forcefully demonstrating the need to retain a record of the arrest of one thus presumed to be innocent.

436 A.2d 226 (1981) (*quoting Commonwealth v. Wexler,* supra, 494 Pa. at 331, 431 A.2d at 880) (emphasis in original). *See also Commonwealth v. Briley, supra,* 278 Pa.Super. at 368, 420 A.2d at 585; *Commonwealth v. Rose,* supra, 263 Pa.Super. at 351, 397 A.2d at 1244; *Wert v. Jennings,* supra, 249 Pa.Super. at 471–2, 378 A.2d at 393.

When the record below has been completed, and the lower court approaches the task of acting upon Appellant's petition to expunge, the Court will recall that it must "engage in a balancing process, weighing the individual's due process interest in being free from the stigma of an arrest record against the state's interest in maintaining accurate records relating to persons suspected of criminal activity". *Commonwealth v. Blaiklock,* supra, 291 Pa.Super. at 501, 436 A.2d at 227 (*quoting Commonwealth v. Welford,* supra, 278 Pa.Super. at 302, 420 A.2d at 1345). In striking that balance, the lower court should consider a variety of factors, including but not limited to "the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied". *Commonwealth v. Wexler,* supra, 494 Pa. at 330, 431 A.2d at 879, (*quoting Commonwealth v. Iacino,* supra, 270 Pa.Super. at 358, 411 A.2d at 759) (SPAETH, J., concurring).[8]

We thus vacate the order of the lower court and remand for proceedings consistent with this opinion. Either party may thereafter appeal from the action of the lower court.

Vacated and remanded.

**8.** These factors, of course, are not necessarily exclusive. *Commonwealth v. Wexler, supra,* 494 Pa. at 330, 431 A.2d at 879. Additional considerations are set forth at length in *Commonwealth v. Briley, supra.*