## Commonwealth v. John Doe

*David S. Smith,* Assistant District Attorney for the Commonwealth.

*J. Palmer Lockhard, II,* for defendant.

DAVISON, *J.,* July 12, 1983—This case presents the novel issue of whether a person who successfully asserts Fourth Amendment rights is entitled to have his or her criminal arrest records expunged. For the reasons which follow, we conclude that expungement is warranted.

Following a search conducted under a search warrant of the mobile home occupied by petitioner and a friend, petitioner, then a senior undergraduate student at Lehigh University, was arrested on April 5, 1979 and charged with criminal conspiracy and possession with intent to deliver marijuana. The charges against petitioner were bound over for court after a preliminary hearing before a district justice. Thereafter, petitioner filed a timely pre-trial motion to suppress the evidence seized in connection with the search warrant which was granted by our colleague, the Honorable John E. Backenstoe, on September 10, 1979, and as a result the case was nolle prossed on September 18, 1979.

A hearing on the expungement motion was held before this court on May 12, 1983. Petitioner, presently a New Jersey resident, testified that with the exception of a traffic violation his record has been clear since the conspiracy and marijuana arrests.

He graduated with honors from Lehigh University and expected to receive a master's degree in business administration, also with honors, shortly. A research analyst with Morgan Guaranty Trust Company in New York City, he is pursuing a career in the financial and security markets and is justifiably concerned that he may be rejected for bonding purposes in light of his arrest record.

The Commonwealth presented no evidence at the expungement hearing, choosing to rely on petitioner's failure to demonstrate affirmatively his nonculpability of the subject charges. Petitioner indeed presented no evidence regarding his culpability or lack thereof. However, we conclude that, under the circumstances of this case, such a showing on defendant's part is unnecessary in order to warrant expungement of his arrest record.

Our courts have held that the right to seek expungement of criminal arrest records is an adjunct to substantive due process in certain circumstances. See Commonwealth v. Wexler, 494 Pa. 325, 431 A.2d 877 (1981); Commonwealth v. Blaiklock, 291 Pa. Super. 497, 436 A.2d 226 (1981); Commonwealth v. Armstrong, 495 Pa. 506, 434 A.2d 1205 (1981); and Commonwealth v. Rank, ____ Pa. Super. ____, 459 A.2d 369 (1983). Writing for a unanimous court in Wexler, Chief Justice O'Brien opined:

In determining whether justice requires expungement, the court, in each particular case, must balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records.

The Superior Court, in Commonwealth v. Iacino, 270 Pa. Super. 350, 411 A.2d 754 (1979) (Spaeth, J., concurring) listed several factors that should be

considered in determining the respective strengths of the Commonwealth's and petitioner's interest in this type of case, and we cite them here with approval:

'These [factors] include the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied.' *Id.* at 358, 411 A.2d at 759. We note that this is not necessarily an exclusive or exhaustive list; other factors may require examination in a particular case. Commonwealth v. Wexler, supra at 329-30, 431 A.2d at 879.

Moreover, "if the Commonwealth *does not* bear its burden of proof beyond a reasonable doubt . . ., or admits that it is *unable* to bear its burden of proof . . ., the Commonwealth must bear the burden of justifying why the arrest record should not be expunged." *Id.* at 331, 431 A.2d at 880 (Emphasis in the original). *Accord* Commonwealth v. Blaiklock, supra.

Although its current viability is subject to question for the reasons we hereinafter mention, Commonwealth v. Mueller, 258 Pa. Super. 219, 392 A.2d 763 (1978), seemingly creates an exception, at least with respect to Rule 1100 dismissals, to Wexler and Blaiklock. Mueller held that one seeking to expunge his criminal arrest record where charges were dismissed by reason of Rule 1100 must affirmatively demonstrate nonculpability before his interest in expungement would be weighed against the Commonwealth's interest in retaining the arrest record.

Mueller has been cited by the Superior Court as standing for the proposition that: "[W]here the Commonwealth has made out a prima facie case but the prosecution was terminated because of a procedural irregularity or legal technicality unrelated to questions of guilt or innocence, the accused had the burden of affirmatively demonstrating nonculpability." Commonwealth v. Capone, 282 Pa. Super. 458, 460, 422 A. 2d 1383, 1384 (1980). On the surface, this statement would seem to control the instant case but subsequent appellate authority has seemingly limited its application where constitutional rights are involved. In re Haefner, 291 Pa. Super. 604, 436 A.2d 665 (1981), the court refused to impose the burden of demonstrating nonculpability upon a defendant seeking expungement of his arrest record despite the fact that the Commonwealth had made out a prima facie case, since his first trial ended in a hung jury and retrial was constitutionally prohibited. In any event, we respectfully observe that Mueller's continued vitality is suspect in light of the subsequent Wexler decision of the Supreme Court. See Commonwealth v. Blaiklock, supra at 501 n., 436 A.2d at 228 n.; Commonwealth v. Wexler, supra at 331, 431 A.2d at 880. In fact, the burden of establishing nonculpability was not imposed on the defendants in either Wexler or Haefner despite the initial determination at preliminary hearing in each case that a prima facie case had been made out.

In the case at bar, the Commonwealth nolle prossed the charges because it was unable to sustain its burden of proof against the defendant without evidence procured by means adjudicated to be constitutionally infirm. Under such circumstances, to saddle the defendant with the burden of establishing nonculpability before his arrest record may

be expunged would penalize him for successfully exercising his constitutional rights. Controversial as the Fourth Amendment exclusionary rule may be, the fact is that it exists and should no more be regarded a "mere technicality" than the due process clause of the Fourteenth Amendment. To prohibit categorically and automatically expungement for those whose constitutional rights have been adjudicated to have been so violated is to relegate the Fourth Amendment to an ill-defined, vague and unwarranted second class status. Expungement of arrest records has repeatedly been held to be an appropriate remedy in the face of unconstitutional law enforcement activity. See Commonwealth v. Fredericks, 235 Pa. Super. 78, 93, 340 A.2d 498, 505-06 (1975); Sullivan v. Murphy, 478 F.2d 938, 968-69 (D.C. Cir. 1973), *cert. denied,* 414 U.S. 880 (1973), and cases cited therein; Menard v. Saxbe, 498 F.2d 1017 (D.C. Cir. 1974); Menard v. Mitchell, 430 F.2d 486 (D.C. Cir. 1970); 46 A.L.R. 3d 900 (1972); *Cf.* Peters v. Hobby, 349 U.S. 331 (1955) (expungement of material from federal personnel records).

It is fundamentally unfair to inflict the negative consequences attendant to preserving a criminal arrest record where prosecution is terminated due to the valid assertion of Fourth Amendment constitutional rights:

Due process obligates the government to accord an individual the opportunity to disprove potentially damaging allegations before it disseminates information that might be used to his detriment. The proper forum for definitively adjudicating an individual's guilt or innocence is a trial that conforms to constitutional structures; if the government aborts that procedure or if the individual is otherwise vindicated at trial, the Constitution requires that he be

treated as though he engaged in no criminal activity. For the government to disseminate an arrest record pertaining to the allegedly criminal episode, when it knows that employers may infer that the individual was guilty rather than innocent of the crime, effectively permits the government to inflict punishment despite the fact that guilt was not constitutionally established. Utz v. Cullinane, 520 F.2d 467, 480-81 (D.C. Cir. 1975).

Moreover, to require proof of nonculpability after criminal charges have been dismissed pursuant to constitutional mandate would vitiate one of the basic principles of our system of criminal justice, the presumption of innocence. See Commonwealth v. Capone, supra, and Commonwealth v. Rank, supra.

Under the facts of this case, we hold that the petitioner does not bear the burden of demonstrating his nonculpability before his arrest record may be expunged. Accordingly, the defendant's interest in expungement must be balanced against the Commonwealth's interest in preserving his arrest record. Commonwealth v. Wexler, supra. In this regard, particularly because the charges were nolle prossed upon the district attorney's assertion that he would be unable to prove guilt at trial, the Commonwealth bears the burden of presenting compelling evidence to justify retention of the defendant's arrest record. Id. at 330, 431 A.2d at 880. Accord Commonwealth v. Blaiklock, supra; Commonwealth v. Rank, supra. In support of expungement, the petitioner testified to his arrest-free record during the last four years and his impressive employment and educational achievements since that time, as well as the possible adverse consequences he will undoubtedly endure should he need to be bonded as a prerequisite to his career objectives. In contrast, the Commonwealth presented no evidence in support of denying

expungement; consequently, it has not sustained its burden to justify retention of the petitioner's arrest record.

While we are not unmindful of the significant law enforcement purposes generally served by retention of criminal arrest records, the mere assertion of a general interest in maintaining arrest records has been held not convincing in itself, and we are obliged to conclude, therefore, that expungement is appropriate here.

## ORDER

Now, July 12, 1983, after hearing, upon consideration of defendant's motion for expungement and for the reasons appearing in the accompanying opinion.

It is ordered that the criminal arrest record of John Doe in the within proceeding be expunged.