Commonwealth *v.* Schaefer.

Argued January 12, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Jerrold D. Harris,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*William J. McCarthy, III,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 6, 1973:

In this appeal the Commonwealth challenges an order of the lower court reversing appellee's license suspension. The issue we are called upon to resolve is whether appellee's initial refusal to submit to a chemical breath test but subsequent assent to the test constituted sufficient cause for suspension of her operator's license by the Secretary of Transportation.

In November of 1971 appellee was observed driving in an erratic manner, was stopped by police, placed under arrest and asked to submit to a chemical breath test. She initially refused to submit to the breath test. Approximately forty-eight (48) minutes later, appellee indicated her willingness to submit to the chemical breath test but she was then informed that her assent was too late. Pursuant to §624.1 of the Vehicle Code,[1] the Secretary of Transportation suspended her operating privileges for a period of six months.

On appeal, the Court of Common Pleas of Lehigh County reversed that decision and ordered that the suspension be rescinded. The court below concluded that the initial refusal but subsequent assent to the chemical breath test was not "unequivocal rejection" referred to in the Act. The court noted that it was not shown that the short period of time between refusal and assent made any difference in eliminating the evidence of alcohol.

We hold that the lower court must be reversed.

Section 624.1 provides in pertinent part: "Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood. . . . If any person is placed under arrest and charged with

---

[1] Act of April 29, 1959, P. L. 58, §624.1 as amended, 75 P.S. §624.1.

the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical breath test and refuses to do so, the test shall not be given but the Secretary may suspend his license or permit to operate a motor vehicle or tractor with or without a hearing."

In *Commonwealth v. Smith, Jr.*, 6 Pa. Commonwealth Ct. 78, 293 A. 2d 158 (1972), this Court held that strict compliance with §624.1(a) of the Vehicle Code is required in reinstating the license suspension of an operator who refused to submit to the breath test on advice of counsel but who had indicated a willingness to submit to a blood test. In *Commonwealth v. End*, 6 Pa. Commonwealth Ct. 347, 295 A. 2d 196 (1972) we upheld the license suspension of an operator who refused to submit to the breath test until his personal physician was summoned. In that case, we held that under §624.1 the Secretary may suspend the license of an operator who intelligently refuses to take the test without regard for the reasons for refusal.

In *Department of Transportation v. Cannon*, 4 Pa. Commonwealth Ct. 119, 286 A. 2d 24 (1972), we reinstated the license suspension of an operator who refused to take a breath test until after he contacted his attorney. Addressing the issue of delay in the administration of the test, this Court there quoting from *Morris Motor Vehicle Operator License Case*, 218 Pa. Superior Ct. 347, 280 A. 2d 658 (1971) stated: "Having in mind the remedial purpose of the statute, and the rapidity with which the passage of time and physiological processes tend to eliminate evidence of ingested alcohol in the system, *it is sensible to construe the statute to mean that anything substantially short of an unqualified unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal to do so. . . .* The occasion is not one for debate, maneuver or negotiation but rather for a simple 'yes' or

'no' to the officer's request." (Emphasis retained.) 4 Pa. Commonwealth Ct. at 124, 286 A. 2d 26.

Based upon the foregoing interpretations of §624.1, there can be no doubt that the suspension of appellee's operating privileges was proper. The order of the lower court is reversed, and the order of the Secretary of Transportation is reinstated. A reinstated suspension of six months shall be issued within thirty days.