## Commonwealth v. Pregrad.

Submitted on briefs, April 10, 1973, to Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Stuart A. Liner*, Assistant Attorney General, with him *Jerrold D. Harris*, Assistant Attorney General,

*Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Charles E. Marker,* with him *Marker and McBride,* for appellee.

OPINION BY JUDGE MENCER, April 30, 1973:

On February 27, 1970, Pennsylvania State Police Trooper Howard L. McMurtrie arrested David A. Pregrad (appellee) for operating a motor vehicle while under the influence of intoxicating liquor, a violation of Section 1037 of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended (Code), 75 P.S. §1037. After being placed under arrest, appellee was requested on three separate occasions, during the period of one hour, to submit to a breathalyzer test as provided in the so-called "Implied Consent Law," Section 624.1(a)[1] of the Code, 75 P.S. §624.1(a). On each of these occasions appellee refused to submit to the breathalyzer test.[2]

Having received a report of this refusal, the Secretary of Transportation, under Section 624.1(a), suspended appellee's operator's license for three months, effective April 7, 1970. The Court of Common Pleas of

---

[1] Section 624.1(a) of The Vehicle Code provides in relevant part: "Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcohol content of his blood. . . . If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle or tractor with or without a hearing. . . ."

[2] About two hours subsequent to the last refusal the appellee offered to take the test. This offer was too late for the reasons set forth in *Commonwealth v. Schaefer,* 8 Pa. Commonwealth Ct. 96, 300 A. 2d 907 (1973).

502

Westmoreland County, after granting a supersedeas on April 7, 1970, held a hearing on September 25, 1972 and sustained appellee's appeal and reversed the Secretary's suspension. The Commonwealth appealed to this Court.

The only reason for the lower court's ruling was that "[a]fter a non-jury trial, the defendant [appellee] was found not guilty of violation of Section 1037 of the Motor Vehicle Code." We realize that the lower court did not have the benefit of our recent decision in *Commonwealth v. Abraham*, 7 Pa. Commonwealth Ct. 535, 300 A. 2d 831 (1973). In *Abraham* we held that despite the fact that the criminal charge (operating a motor vehicle while under the influence of intoxicating liquor) was dismissed, there remained the separate refusal to take the breathalyzer test, the suspension for which was a civil proceeding and within the power of the Secretary to impose in accord with Section 624.1(a) of the Code, 75 P.S. §624.1(a).

Therefore, we conclude here, as we did in the nearly identical and companion case of *Commonwealth v. Everett*, 8 Pa. Commonwealth Ct. 502, 303 A. 2d 850 (1973), that *Commonwealth v. Abraham, supra*, controls. The order of the Court of Common Pleas of Westmoreland County is reversed and the order of the Secretary of Transportation is reinstated.