Commonwealth *v.* Everett.

Submitted on briefs, April 10, 1973, to Judges Wil-
kinson, Jr., Mencer and Rogers, sitting as a panel of
three.

*Stuart A. Liner*, Assistant Attorney General, with
him *Anthony J. Maiorana*, Assistant Attorney General,
*Robert W. Cunliffe*, Deputy Attorney General, and
*Israel Packel*, Attorney General, for appellant.

*Charles E. Marker*, with him *Marker and McBride*,
for appellee.

Opinion by Judge Mencer, April 30, 1973:

On April 11, 1970, Pennsylvania State Police Troop-
er Michael J. Cunningham arrested[1] Kenneth R. Everett
(appellee) for operating a motor vehicle while under
the influence of intoxicating liquor, a violation of Sec-
tion 1037 of The Vehicle Code, Act of April 29, 1959,
P. L. 58, as amended (Code), 75 P.S. §1037. Following
his arrest, appellee was asked by Trooper Cunningham

---

[1] Appellee has raised no question here as to the legal propriety
of his arrest.

to submit to a breathalyzer test, as provided in Section 624.1(a)[2] of the Code, 75 P.S. §624.1(a). Appellee refused to submit to this test and specifically so admitted his refusal when he testified before the lower court.

Upon receiving a report of this refusal, the Secretary of Transportation, under Section 624.1(a), suspended appellee's operator's license for three months, effective June 19, 1970. The Court of Common Pleas of Westmoreland County, after granting a supersedeas on June 18, 1970, held a hearing on September 21, 1972 and sustained appellee's appeal and reversed the Secretary's suspension. The Commonwealth has appealed that ruling to this Court.

The sole basis stated by the lower court for sustaining the appeal and reversing the suspension was that "[t]he magistrate having dismissed the charge of driving while under the influence of intoxicating beverages, the Court is therefore of the opinion that a suspension of the petitioner for refusal to submit to a breathalizer test is an abuse of discretion on behalf of the Secretary. . . ."

We realize that the lower court did not have the benefit of our recent decision in *Commonwealth v. Abraham*, 7 Pa. Commonwealth Ct. 535, 300 A. 2d 831 (1973). In *Abraham* we held that despite the fact that the criminal charge (operating a motor vehicle while under the influence of intoxicating liquor) was dis-

---

[2] Section 624.1(a) of The Vehicle Code, 75 P.S. §624.1(a) provides in relevant part: "Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood. . . . If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle or tractor with or without a hearing. . . ."

missed, there remained the separate refusal to take the breathlyzer test, the suspension for which was a civil proceeding and within the power of the Secretary to impose in accord with Section 624.1(a) of the Code, 75 P.S. §624.1(a).

This section does not require a conviction for the alleged violation of operating a motor vehicle while under the influence of intoxicating liquor, but the Legislature chose "placed under arrest," rather than subsequent conviction as the necessary prerequisite to justify a suspension for a refusal to submit to a chemical test of the breath. We held in *Commonwealth v. Smith, Jr.,* 6 Pa. Commonwealth Ct. 78, 293 A. 2d 158 (1972), that strict compliance with Section 624.1(a) is required. We have carefully noted the valid purpose for Section 624.1(a) in *Department of Transportation v. Cannon,* 4 Pa. Commonwealth Ct. 119, 286 A. 2d 24 (1972), and *Commonwealth v. Gallagher,* 3 Pa. Commonwealth Ct. 371, 283 A. 2d 508 (1971).

Since we conclude that here the facts are identical in all significant respects to *Commonwealth v. Abraham, supra,* we must hold that *Abraham* controls. Therefore, the order of the Court of Common Pleas of Westmoreland County is reversed and the order of the Secretary of Transportation is reinstated.