Commonwealth *v.* Clawson.

Submitted on briefs May 10, 1973, to Judges CRUM-LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Jerrold D. Harris,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Charles E. Marker,* with him *Marker and McBride,* for appellee.

OPINION BY JUDGE ROGERS, May 25, 1973:

Thomas Jeffrey Clawson was placed under arrest and charged with the operation of a motor vehicle while under the influence of intoxicating liquor. He refused the arresting officer's request that he submit to a chemi-

cal test and his license was suspended by the Secretary of the Department of Transportation by authority of Section 624.1(a) of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 P.S. §624.1(a). Mr. Clawson was acquitted of the criminal charge of driving while under the influence of intoxicating liquor. The court below, without the benefit of our holding to the contrary in *Commonwealth v. Abraham*, 7 Pa. Commonwealth Ct. 535, 300 A. 2d 831 (1973), sustained the appeal based upon the acquittal. We must, therefore, reverse.

Counsel for Mr. Clawson makes the further argument that his client's appeal was properly sustained below because the Commonwealth produced no evidence concerning his client's condition of intoxication at the time of the incident which led to the request that he submit to the breathalyzer test. There is no such duty upon the Commonwealth. It need only show the arrest upon the charge of driving while intoxicated, the request to take the test and the refusal.

#### Order

And now, to wit, this 25th day of May, 1973, the order of the Court of Common Pleas of Westmoreland County is reversed, and the order of the Secretary of Transportation is reinstated. The reinstated suspension shall issue within thirty (30) days.