**Commonwealth v. Hunt**

 

*Samuel Bonavita*, District Attorney, for Commonwealth.

*John Eberly*, for defendant.

WOLFE, P.J., January 10, 1975.—This matter is before us on application of defendant to suppress the results of a breathalyzer examination administered to him following his arrest for operating a motor vehicle while under the influence of intoxicating liquor.

On October 17, 1974, at approximately 11:26 p.m., the arresting officer was called to the scene of a one-vehicle accident and after arriving he observed defendant's vehicle had traversed from the improved portion of the road and came to rest over a bank after striking a tree. Defendant identified himself and there was no question he was the operator of the vehicle. There is no evidence he was observed by the arresting officer operating the vehicle. Upon detecting the odor of alcohol on his breath as well as his slurred speech and staggering, defendant was placed under arrest and driven some miles away from the scene to the Borough of Warren where he was administered the breathalyzer examination and thereafter driven to a magistrate where he was charged with driving under the influence. There is no doubt, under our prevailing law, the

application must be granted. A similar factual situation is found in Commonwealth v. Jacoby, 226 Pa. Superior Ct. 19 (1973), wherein, when the arresting officer arrived at the scene of a one car accident he observed it hanging over the Fourth Street Bridge in Bethelehem and thereafter placed defendant under arrest for driving under the influence. The officer never observed defendant operating his vehicle and when he arrived, he saw the operator standing outside the car. The court therein reiterated the fundamental and well-known rule a police officer may make a warrantless arrest for a misdemeanor only where he has probable cause to believe that it is being committed in his presence. Notwithstanding the operator acknowledges to the arresting officer he was, in fact, operating the vehicle at the time of the accident, this is insufficient to charge him with driving under the influence and unlawfully thereafter extracting a blood sample. See also Commonwealth v. Reeves, 223 Pa. Superior Ct. 51 (1972), as well as Commonwealth v. Pregrad, 8 Pa. Commonwealth Ct. 500 (1973), and Commonwealth v. Quarles, 229 Pa. Superior Ct. 363 (1973), not to be confused where a breathalyzer examination is refused by the operator and a civil suspension of his license is mandated notwithstanding the arrest may be illegal ab initio.

For the foregoing reasons, we enter the following

## ORDER

And now, January 10, 1975, the application for suppression of the results of the breathalyzer examination is granted.

Exceptions to the Commonwealth.