John J. Wisniewski, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs March 2, 1983, to Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*M. Lawrence Shields, III, Kratzenberg & Shields, P.C.,* for appellant.

No appearance for appellee.

OPINION BY JUDGE CRAIG, April 7, 1983:

This is an appeal by John J. Wisniewski from an order of the Court of Common Pleas of Allegheny County, which dismissed Wisniewski's appeal from a six-month suspension of his motor vehicle operator's license by the Department of Transportation (DOT). DOT had imposed the suspension pursuant to 75 Pa. C. S. 1547(b), the implied consent law, because of Wisniewski's refusal to take a breathalyzer test.

Police officers of the City of Pittsburgh arrested Wisniewski on July 26, 1979, and charged him with driving under the influence and driving too fast for conditions. After transportation to the police station,

the officers requested Wisniewski to submit to a breathalyzer test to determine the alcoholic content of his blood. Wisniewski refused to take the test.

At the preliminary hearing, the magistrate dismissed the charges because the arresting officers failed to appear. On August 27, 1979, pursuant to Wisniewski's petition, the common pleas court entered an order requiring the expunction of the criminal record of Wisniewski's arrest on July 26, 1979.[1]

---

[1] The order provided in part:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Clerk of Courts shall serve a certified copy of this Order upon the following persons, keepers of records, pertaining to the above-captioned criminal proceedings:

1. Bob Colville, District Attorney
2. Wayne P. Kelly, Clerk of Courts
3. James C. Lotz, Bail Agency
4. Louis R. Dadowski, Magistrate
   City of Pittsburgh, Traffic Court
5. City of Pittsburgh, Police, Arresting Agency
6. Daniel J. Piper, Chief Minute Clerk
   Record-Ident. Div.
7. Penna. State Police
   Box 2771, Harrisburg, PA 17120
8. Bureau of Criminal Identification
   County of Allegheny
   311 Jones Law Bldg., Pgh. Pa 15219
9. Director, FBI
   U.S. Dept. of Justice (Identification Div.)
   Washington, D.C.

IT IS ORDERED, ADJUDGED AND DECREED that the aforementioned keepers of criminal records shall expunge and destroy the official and unofficial arrest and other documents pertaining to the arrest, or prosecution, or both, of the within defendant in the above-captioned, and that each shall request the return of such records which its agency made available to State or Federal agencies, and immediately upon receipt thereof shall destroy such records.

Following the expunction order, one of the arresting officers completed a form supplied to the police by DOT, entitled "Notice of Refusal To Submit To Chemical Test of Breath or Blood to Determine Alcoholic Content of Blood", and sent the form to DOT. DOT then notified Wisniewski of the six-month suspension of his operator's license.

Wisniewski appealed his suspension to the common pleas court. After a hearing, at which an arresting officer testified about the facts surrounding the arrest and refusal, the trial court dismissed the appeal.

Wisniewski argues here that the expunction order was broad enough to include the notice to DOT, and therefore, the sending of the notice and the suspension of his license were in contempt of the order and a violation of his constitutional right to due process.

Following our scope of review for license suspension cases,[2] we must reject Wisniewski's contention and affirm the order of the trial court.

In order to determine whether the notice to DOT falls within the ambit of the expunction order, we must consider both the nature of the license suspension provisions and the purpose behind the expunction of criminal records.

The Commonwealth's implied consent law provides, in essence, that anyone driving an automobile

---

IT IS FURTHER ORDERED that said keepers of such criminal records shall file with the Court within thirty (30) days an Affidavit stating that the mandates of this order have been fulfilled.

[2] "A lower court's decision in a license suspension case pursuant to [the implied consent law] is not to be disturbed unless its findings were not supported by competent evidence or it made erroneous conclusions of law or its decision exhibits a manifest abuse of discretion." *McMahon v. Commonwealth of Pennsylvania*, 39 Pa. Commonwealth Ct. 260, 263, 395 A.2d 318, 320 (1978).

in the Commonwealth is deemed to have consented to a chemical test for intoxication after being arrested for driving under the influence of alcohol.

The statute is not penal in nature; its purpose is "to protect the public by providing an effective means of denying an intoxicated motorist the privilege of using our roads."[3]

DOT may revoke an operator's license upon a factual determination that the operator was:

(1) placed under arrest and charged with driving under the influence,

(2) requested to submit to a breath test, and

(3) refused to comply with the test.[4]

The notice to DOT in this case contained each of these required elements.

The law is clear that, regardless of the disposition of the criminal charge, the refusal to take the breath test is a separate consideration, the suspension for which is an independent civil proceeding.[5]

The right to petition for the expunction of arrest records is an adjunct to due process,[6] and the courts have developed the remedy in order to eliminate those

---

[3] *Commonwealth of Pennsylvania v. Ebert*, 31 Pa. Commonwealth Ct. 82, 87-8, 375 A.2d 837, 839 (1977).

[4] *Grabish v. Commonwealth of Pennsylvania*, 50 Pa. Commonwealth Ct. 246, 413 A.2d 431 (1980) ; *Commonwealth of Pennsylvania v. Ebert*, 31 Pa. Commonwealth Ct. 82, 375 A.2d 837 (1977) ; *Commonwealth of Pennsylvania v. Miles*, 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973).

[5] *Grabish v. Commonwealth of Pennsylvania*, 50 Pa. Commonwealth Ct. 246, 413 A.2d 431 (1980) (underlying arrest illegal) ; *Commonwealth of Pennsylvania v. Clawson*, 9 Pa. Commonwealth Ct. 87, 305 A.2d 732 (1973) (acquittal of criminal charge) ; *Commonwealth of Pennsylvania v. Everett*, 8 Pa. Commonwealth Ct. 502, 303 A.2d 850 (1973) (criminal charge dismissed).

[6] *Wert v. Jennings*, 249 Pa. Superior Ct. 467, 378 A.2d 390 (1977) ; *Commonwealth of Pennsylvania v. Malone*, 244 Pa. Superior Ct. 62, 366 A.2d 584 (1976).

undeserved harms ancillary to the existence of a record of arrest.[7]

The order in the present case required the keepers of records pertaining to the criminal proceedings to expunge and destroy those records. The court addressed the order to eight governmental agencies; DOT was not among those listed.

Wisniewski presents several arguments to support his contention that the notice sent to DOT was within the scope of the expunction order. He argues that we should apply the statutory construction rules and liberally construe the words of the expunction order. The rules of statutory construction are aids to courts when words of an ordinance or a statute are unclear. These rules are not applicable in this situation because the expunction order is not a statute or ordinance and, more fundamentally, the words of the order are not unclear and do not require any interpretation.

---

[7] "The harm ancillary to an arrest record is obvious: 'Information denominated a record of arrest, if it becomes known, may subject an individual to serious difficulties. Even if no direct economic loss is involved, the injury to an individual's reputation may be substantial. Economic losses themselves may be both direct and serious. Opportunities for schooling, employment, or professional licenses may be restricted or nonexistent as a consequence of the mere fact of an arrest, even if followed by acquittal or complete exoneration of the charges involved. An arrest record may be used by the police in determining whether subsequently to arrest the individual concerned, or whether to exercise their discretion to bring formal charges against an individual already arrested. Arrest records have been used in deciding whether to allow a defendant to present his story without impeachment by prior convictions, and as a basis for denying release prior to trial or an appeal; or they may be considered by a judge in determining the sentence to be given a convicted offender.'" *Commonwealth of Pennsylvania v. Malone,* 244 Pa. Superior Ct. 62, 68-9, 366 A.2d 584, 587-8 (1976) quoting *Menard v. Mitchell,* 139 U.S. App. D.C. 113, 430 F.2d 486, 490-91 (1970).

Recognizing that the notice to DOT is part of a civil proceeding, Wisniewski argues that the expunction order includes both civil and criminal records. Examination of the text of the order itself demonstrates why we must reject that contention. The order, from the criminal division of the common pleas court, was addressed to the keepers of records pertaining to the criminal proceedings. It specifically refers to the documents as criminal records and does not embrace civil or administrative proceedings.

Finally, Wisniewski argues that the notice to DOT is an "arrest record", merely because it indicated the occurrence of his arrest. However, so labelling it does not bring it within the scope of the court's order, which, as we have noted above, does not reach beyond the criminal proceeding.

The inclusion of the notice within the scope of the expunction order would not further the stated purpose of such orders: the avoidance of difficulties ancillary to the arrest record. The suspension of Wisniewski's operator's license is not a harm flowing from the existence of arrest records; rather, it is a consequence of the independent refusal to take a breathalyzer test. Neither of the cases cited by Wisniewski require a contrary conclusion.[8]

Because we conclude that the expunction order did not include the notice sent to DOT, we affirm the order of the trial court.

---

[8] Wisniewski directs our attention to *Commonwealth of Pennsylvania v. Rose*, 263 Pa. Superior Ct. 349, 397 A.2d 1243 (1979) and *Wert v. Jennings*, 249 Pa. Superior Ct. 467, 378 A.2d 390 (1977). In *Rose*, the Superior Court was concerned with the potential employment difficulties the appellant's arrest record might generate, and in *Wert*, the same court, citing the *Menard* case, addressed itself to the "harm ancillary to an arrest record." 249 Pa. Superior Ct. at 471, 378 A.2d at 392.

ORDER

Now, April 7, 1983, the order of the Court of Common Pleas of Allegheny County, No. SA182, dated August 5, 1980. is affirmed.