## Commonwealth v. Malshefski

*John V. Rovinsky*, for the Commonwealth.
*Lawrence D. MacDonald*, for defendant.

BROMINSKI, *J.* May 18, 1984—This matter comes before the court upon Appeal of Leonard P. Malshefski, Jr., from a one year suspension of his driver's license for his conviction of drunken driving.

The facts leading up to his conviction are that on March 5, 1983, the Wilkes-Barre Police charged appellant with drunken driving. That he refused to take a breathalyzer test. For this, effective June 9, 1983, appellant received notice from the Department of Transportation that his operator's license

would be suspended for a period of one year. Subsequently, on June 27, 1983, appellant appeared before the Luzerne County Court for his drunken driving charge. At this time, as noted above, his license was suspendd for refusal to take the breathalyzer test. Appellant, through his counsel, entered into a plea bargaining agreement with the district attorney, before Judge Arthur Dalessandro, with regard to the drunken driving charge, part of which was that his one year suspension for drunken driving would run concurrently with the one year suspension for refusal to take the breathalyzer test.

Shortly thereafter when the Department of Transportation received notice of appellant's conviction for drunken driving, it suspended appellant's driver's license for another year, therefore negating the plea bargaining agreement entered on June 27, 1983. Within the statutory period, appellant filed his appeal from the consecutive suspension of his license.

Therefore, the question before the court is whether a one year suspension for refusal to take a breathalyzer test, is a separate offense to a suspension for a conviction for drunken driving. Stated another way, if they are separate, consecutive suspensions, does the court have authority to run them concurrently?

At the hearing on this matter before Brominski, J., it was agreed by the court and the respective parties that the matter be remanded to Judge Dalessandro, who authorized the suspensions to run concurrently, for his authority to run the suspension concurrently. Judge Dalessandro answered the foregoing inquiry as follows:

"After you referred the above matter to me, I requested that the guilty plea proceeding be tran-

scribed. The completed transcript was recently delivered to this office.

As you can see from a review of the transcript, the plea bargain agreement was presented to me in a straightforward manner, and neither counsel for the Commonwealth nor counsel for the defendant raised any questions as to the property of the sentence."

## DISCUSSION

Generally, the case law in Pennsylvania is that the law is clear that, regardless of the disposition of the criminal charge, the refusal to take the breath test is a separate consideration, the suspension for which is an independent civil proceeding. 73 Commw. 318, 457 A.2d 1334 (1983).

Specfically, this matter was resolved in the case of Callan v. Bureau of Traffic Safety, 19 Commw. 635, 339 A.2d 163 (1975). The facts in that case are similar to the present case, to wit:

"On the evening of January 3, 1973, Callan was arrested by the Abington Township Police and charged with driving under the influence of intoxicating liquor. subsequently, the Secretary, pursuant to his authority under Section 624.1(a) of The Vehicle Code, Act of April 29, 1959, P.L. 58, as amended, 75 P.S. §624.1(a), suspended Callan's license for his refusal on that evening to submit to chemical breath analysis. The suspension was for six months from March 16, 1973 until September 16, 1973. On August , 1973 Callan pleaded guilty to the charge of driving under the influence of intoxicating beverages. Thereupon the Secretary, pursuant to Section 616(a)(1) of The Vehicle Code, 75 P.S. §616(a)(1) ordered that Callan's license be revoked for a period of one year as of January 10, 1974 and so notified

him. On appeal the Court of Common Pleas after a hearing affirmed the Secretay and Callan now appeals to this Court."

The Commonwealth stated, in affirming the lower court at page 637:

"This provision clearly imposes a mandatory duty upon the Secretary to revoke the license of one who pleads guilty to the crime of operating a motor vehicle while under the influence of intoxicating liquor."

And further, at page 639:

"Here he has lost his license twice but for two different offenses: a) for his failure to take the breath analysis test and b) for his subsequent conviction on the charge of driving while under the influence of intoxicating liquor. We will not interfere with the wisdom of the legislative decision to be harsher on those who refuse to take the test and are subsequently convicted than on those who take the test and are also later convicted. Indeed, if we were to hold that the one who refused the test could not be treated more severely, the clear legislative intent to encourage drivers to take the test would obviously be thwarted.

We, therefore, affirm the lower court."

Both suspensions are mandatory for each offense and we are unaware of any authority of the court to interfere with the same, to wit, to run the suspensions concurrently.

Also see Upsey v. Sec. of Revenue, 193 Pa. Super. 466, 165 A.2d 267 (1960); Parks v. Commonwealth, 40 Pa. Commw. 544, 398 A.2d 230 (1979), and Wisniewski v. Commonwealth, 73 Pa. Commw. 318, 457 A.2d 1334 (1983).

Although the Motor Vehicle Code has been amended, authority for the Department of Motor ve-

hicles hasn't changed. 75 P.S. 1547(b)(1) still provides:

"75 §1547

(b) suspension for refusal.—

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months."

75 P.S. 1532(b)(3) still provides:

"75 §1532

(b) Suspension.—

(3) The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance) or an adjudication of delinquency based on section 3731."

For the foregoing reasons, the court enters the following

## ORDER

It is hereby ordered, adjudged and decreed that the appeal of Leonard P. Malshefski, Jr., is denied and dismissed.