Thomas Hando, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs June 6, 1984, to Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*Marvin H. Gold,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE WILLIAMS, JR., July 19, 1984:

This is an appeal by Thomas Hando (appellant) from an order of the Court of Common Pleas of Montgomery County upholding the suspension of appellant's driving privileges by the Department of Transportation (Department) under Section 1547 (b)(1) of the Vehicle Code, 75 Pa. C. S. §1547(b)(1), for his refusal to submit to a breathalyzer test. We affirm.

At the hearing before the court of common pleas the police officer who charged appellant with driving under the influence testified that when he arrested appellant he asked him to take a breathalyzer test, which appellant refused. A second officer testified he later asked appellant at the station to take a breathalyzer test and warned appellant his operating privileges would be suspended for six months if appellant refused. Appellant testified that he was never taken to the police station in question, but rather to a different station, was never informed that he was placed under arrest for driving under the influence, or warned of the consequences of a failure to take the test.

The court of common pleas found that appellant refused to submit to a breathalyzer test, even after the officers warned appellant that his refusal to take the test would result in a six month suspension of his operating privileges.

In order for a suspension for a refusal to submit to a chemical test of breath or blood to be sustained, the Department must prove that a driver was placed under arrest upon the charge of driving while intoxicated, the officer had reasonable grounds to believe

the driver was driving while intoxicated, that the driver was requested to submit to a breathalyzer test and refused and, where the issue is raised, that the officer fulfilled his statutory duty to warn the driver that his operating privileges would be suspended or revoked upon his refusal to submit to a chemical test. *Department of Transportation, Bureau of Traffic Safety v. Sinwell,* 68 Pa. Commonwealth Ct. 605, 450 A.2d 235 (1982). Anything substantially less than an unqualified unequivocal assent to take a breathalyzer test constitutes a refusal. *Department of Transportation, Bureau of Traffic Safety v. Wroblewski,* 65 Pa. Commonwealth Ct. 333, 442 A.2d 407 (1982).

Appellant contends that the common pleas judge committed numerous errors which rendered the suspension hearing unfair, that the judge had shown a predisposition to favor the Department and had prejudged the appellant and that the suspension was brought by the Department solely in retaliation for appellant's contesting the criminal charge of driving under the influence and being acquitted. In cases where the court of common pleas is the fact finder, our scope of review is limited to whether or not the court based its findings of fact on substantial evidence or committed an error of law. *Department of Transportation, Bureau of Traffic Safety v. Stafford,* 28 Pa. Commonwealth Ct. 157, 159, 367 A.2d 816, 817 (1977). Questions of credibility and the resolution of testimonial conflicts are for the common pleas court. *Department of Transportation, Bureau of Traffic Safety v. Fullerton,* 31 Pa. Commonwealth Ct. 609, 612, 377 A.2d 1024, 1025 (1977).

Appellant argues that the common pleas judge committed reversible error when he failed to make further inquiries regarding a subpoena allegedly issued by appellant and not honored by the Horsham Police Department. However, as the Department

correctly notes, appellant did not present the common pleas judge with a proof of service required by Section 5904(d) of the Judicial Code, 42 Pa. C. S. §5904(d),[1] to obtain a bench warrant to secure the presence of the absent witness. Under Section 5904 (d) it is the obligation of the party seeking enforcement of a subpoena to produce proof of the subpoena's service to the court and request a bench warrant, the court is not required to elicit that information when a party fails to request a bench warrant. Appellant also failed to request a continuance under Pa. R.C.P. 216(D)[2] when the subpoenaed witness

---

[1] Section 5904(d) of the Judicial Code reads, as follows:

§5904  *Subpoena of witnesses*

. . .

*(d) Bench warrants*—Upon proof of service of a subpoena, the court may issue a bench warrant for any witness who fails to appear in response to a subpoena. However, such warrant cannot be issued if service has been by first class mail.

[2] Pennsylvania Rule of Civil Procedure Number 216 reads, in pertinent part, as follows:

*Rule 216.  Grounds for Continuance*

(A)  The following are grounds for continuance:

(1)  Agreement of all parties of their attorneys, if approved by the Court:

(2)  Illness of counsel of record, a material witness, or a party. If requested a certificate of a physician shall be furnished, stating that such illness will probably be of sufficient duration to prevent the ill person from participating in the trial;

(3)  Inability to subpoena or to take testimony by deposition, commission, or letters rogatory, of any material witness, shown by affidavit which shall state:

(a)  The facts to which the witness would testify if present or if his deposition should be taken;

(b)  The grounds for believing that the absent witness would so testify or give his deposition;

(c)  The efforts made to procure the attendance or deposition of such absent witness; and

failed to appear and to request enforcement of the allegedly ignored subpoena. As appellant failed to avail himself of either 42 Pa. C. S. §5904(d) or Pa. R.C.P. 216(D), we find no error in the common pleas judge proceeding with the suspension hearing.[3]

Appellant's next complaint is that the common pleas judge erred by limiting defense counsel's cross-examination of the two Montgomery Township Police officers. The lines of questioning which defense counsel pursued attacked the credibility of both Officer Webster and Officer Simes rather than challenged the substance of their testimony. Appellant contends the judge's limiting of counsel's cross-ex-

_____

(d) The reasons for believing that the witness will attend the trial at a subsequent date, or that his deposition can and will be obtained;

(e) Such special ground as may be allowed in the discretion of the court.

. . .

(D) No continuance shall be granted due to the absence from court of a witness duly subpoenaed, unless:

(1) Such witness will be absent because of facts arising subsequent to the service of the subpoena and which would be a proper ground for continuance under the provisions of Rule 216(A) ; or

(2) On the day when the presence of such witness is required a prompt application is made for the attachment of such absent witness; or

(3) The witness, having attended at court has departed without leave, and an application for attachment is made promptly after the discovery of the absence of such witness; or the court is satisfied that the witness has left court for reasons which would be a proper ground for continuance under Rule 216(A).

[3] Throughout the suspension hearing and in his brief appellant refers to the proceedings as a criminal prosecution. Appeals from the Department's operating license suspension orders stemming from a motorist's refusal to submit to a breathalyzer test are civil proceedings to which the Rules of Civil Procedure apply. *See generally Wisniewski v. Commonwealth*, 73 Pa. Commonwealth Ct. 318, 457 A.2d 1334 (1983).

amination of Webster and Simes was evidence of the judge's bias in favor of the police and his attempt to shield them from embarrassing questions. We note that a trial judge has broad discretion in determining the extent to which a witness may be cross-examined as to his credibility. *Fischer v. Commercial National Bank*, 321 Pa. 200, 184 A. 57 (1936). After reviewing the entire hearing transcript, we find no abuse of discretion on the part of the common pleas judge in limiting appellant's cross-examination of Officers Webster and Simes. The transcript, rather than showing a bias on the part of the judge against appellant, shows the judge gave appellant's counsel considerable latitude and exercised considerable restraint in dealing with defense counsel's repeated failures to confine his questions to the issue before the court. We cannot say that by limiting defense counsel's cross-examination as to the credibility of either Webster or Simes any relevant evidence was excluded.

We next turn to appellant's charge that the common pleas judge was predisposed in the Department's favor and had prejudged the case before appellant had the opportunity to present his evidence. Our review of the transcript reveals no such predisposition on the part of the common pleas judge. The remarks of the judge about which appellant complains are merely an attempt by the judge to explain to appellant his ruling on an evidentiary objection. Appellant's accusations against the common pleas judge are unfounded and show appellant's lack of understanding as to the actual issue before the common pleas court.[4]

---

[4] Our review of the suspension hearing transcript shows that throughout the hearing, defense counsel consistently attempted to litigate the issue of whether or not appellant was actually intoxicated when stopped by Officer Webster. The issue before the com-

Finally we turn to appellant's contention that the Commonwealth initiated the proceedings to suspend his operator's license in retaliation for his successful defense of the driving under the influence charge. This contention is frivolous. Section 1547 of the Vehicle Code, popularly known as the "Implied Consent Law," is not penal in nature and is designed to protect the public by providing an effective means of denying intoxicated motorists the privilege of using the roads. *Wisniewski v. Commonwealth,* 73 Pa. Commonwealth Ct. 318, 457 A.2d 1334 (1983). The Department's suspension proceeding for a refusal to take a breathalyzer test is an independent civil proceeding separate and distinct from any criminal charges brought against a motorist. *Id.* at 322, 457 A.2d at 1337. *See also Commonwealth v. Clawson,* 9 Pa. Commonwealth Ct. 87, 305 A.2d 732 (1973) (suspension of operator's license upheld despite motorist's acquittal of criminal charge of driving while under the influence). There is no support in the record for appellant's charge of improper conduct on the part of the Department or the common pleas judge.

For the foregoing reasons we affirm the order of the common pleas court dismissing appellant's appeal.

ORDER

AND Now, the 19th day of July, 1984, the decision of the Court of Common Pleas of Montgomery County at Civil Action No. 80-00486 dismissing appellant's appeal and upholding the suspension of appellant's operator's license for six months is affirmed.

mon pleas court was not whether appellant was intoxicated but whether the officer had reasonable grounds to stop appellant and request appellant take a breathalyzer test, *see Department of Transportation, Bureau of Traffic Safety v. Sinwell,* 68 Pa. Commonwealth Ct. 605, 450 A.2d 235 (1982) ; *Corry v. Commonwealth,* 59 Pa. Commonwealth Ct. 324, 429 A.2d 1229 (1981), and ultimately, whether appellant refused to submit to such a test.