509 A.2d 941

Colman T. Conroy, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued March 10, 1986, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Martin M. Scoratow,* with him, *Thomas J. Cordaro,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE PALLADINO, May 20, 1986:

This is an appeal by Colman T. Conroy (Appellant) from an order of the Court of Common Pleas of Allegheny County (trial court) which dismissed Appellant's appeal from a one-year suspension of his operating privileges by the Department of Transportation (DOT). We affirm.

On January 5, 1984 Appellant was arrested for driving under the influence of alcohol. He was taken to the police station where he was asked to take a breath test and was warned that a refusal would result in the suspension of his operating privileges for one year. Appellant refused to take the test. Subsequently the criminal charges against Appellant were dismissed, and on January 23, 1984 it was ordered that all "keepers of criminal records shall expunge and destroy the official and unofficial arrest and other documents pertaining to the arrest, or prosecution, or both, of the [Appellant]. . ." A copy of this order was sent to DOT.

On January 31, 1984, DOT notified Appellant that his operating privileges were being suspended for one year pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b), for his refusal to take the breath test on January 5, 1984. Appellant appealed to the trial court which dismissed the appeal, thereby affirming the suspension.

Appellant now appeals to this Court asserting that the expunction order required DOT to expunge its record of Appellant's refusal to take the breath test, and that DOT and the police officers who testified at the trial court hearing are in contempt of court for violating the expunction order.

This Court has previously addressed the precise issues raised by Appellant in the case of *Wisniewski v. Commonwealth*, 73 Pa. Commonwealth Ct. 318, 457 A.2d 1334 (1983). As we explained in *Wisniewski*: "The

law is clear that, regardless of the disposition of the criminal charge, the refusal to take a breath test is a separate consideration, the suspension for which is an independent civil proceeding." *Id.* at 322, 457 A.2d at 1337.

The expunction order in the case at bar is on a form identical to the form used in *Wisniewski*.[1] *See id.* at 320, n.1, 457 A.2d at 1336, n.1. Our conclusion in *Wisniewski* that the order applies only to criminal records and does not embrace civil or administrative proceedings, is, therefore, dispositive in the case at bar.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, May 20, 1986, the order of the Court of Common Pleas of Allegheny County, No. 173 Statutory Appeals Docket 1984, dated June 21, 1984, is affirmed.

---

[1] We note that in *Wisniewski* a copy of the expunction order was not sent to DOT, while in the case at bar, the order specifically directed that DOT receive a copy of the expunction order. We conclude, however, that this difference between the two cases does not dictate a different result. In both cases, the order was addressed only to keepers of *criminal* records. DOT's record of Appellant's refusal to take the breath test is not a criminal record; it is a civil record. The order, therefore, was not applicable to this record and the fact that DOT received a copy of the order is of no import.