## Commonwealth v. Di Giovanni

*Kenneth E. Kendell, assistant counsel,* for the commonwealth of Pennsylvania.

*Peter A. De Liberty,* for defendant.

REED, JR., *J.,* January 7, 1988 — This case came before the court on the license suspension appeal of defendant, Carmine P. Di Giovanni. At the time that the case came on to be heard, defendant orally moved the court to sustain the appeal, raising two issues for consideration: The first issue being whether the Secretary of Transportation for the Commonwealth of Pennsylvania can suspend the operator's privilege of an accused when the underlying motor vehicle offense has occurred wholly within a federal enclave; and secondly, whether the defense of double jeopardy precludes the Secretary of Transportation from suspending one's operating privilege when the federal court has dimissed the underlying offense.

This court will only address the first issue raised, as the second issue requires a hearing wherein testimony must be presented.

The facts essential for our review are that defendant was charged on August 7, 1986 with driving under the influence of alcohol or controlled substance pursuant to 46 C.F.R. 4.1 and 75 Pa. C.S. §3731, together with refusal to determine amount of alcohol, 46 C.F.R. 4.1 and 75 Pa. C.S. §1547, both offenses having occurred within the jurisdictional boundaries of the Valley Forge National Historical Park, located geographically in Montgomery County, Pa.

As we said, we are not concerned with the double jeopardy issue, only the issue as to whether or not the Secretary of Transportation has the authority to suspend defendant's operating privileges pursuant to 75 Pa. C.S. §1547(b).

Section 1547 of the Motor Vehicle Code provides as follows:

"(a) *General rule* — Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

"(1) while under the influence of alcohol or a controlled substance or both; or

"(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

"(b) *Suspension for refusal* —

"(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so,

the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

"(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

"(3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons." . . .

The central issue for our determination is whether or not defendant was operating a motor vehicle in this commonwealth by driving within the national park and if so, does the commonwealth retain jurisdiction to enforce its laws.

A review of the law establishes that since October 15, 1983, a retrocession* has been in effect which established concurrent jurisdiction for Valley Forge National Park between the commonwealth and the United States over crimes, offenses and other matters arising within the park.

Although this appears to be a case of first impression, we find that the retrocession gave the commonwealth the authority to enforce its statutes which related to crimes, offenses and other matters which include violations of the Motor Vehicle Code.

Accordingly, as a result of the offense here, defendant's refusal to submit to chemical breath testing to determine blood alcohol level gives the commonwealth the right to suspend operating privileges

---

*The retrocession is a legal pronouncement wherein the federal government is relinquishing and/or returning to Pennsylvania the authority to enforce the commonwealth's statutes within the geographical boundaries of a federal enclave.

within the provision of the retrocession relating to other matters. It must be kept in mind that our courts have determined that the suspension is an independent civil proceeding separate and distinct from any criminal charges which may be brought. See *Hando v. Commonwealth*, 84 Pa. Commw. 63, 478 A.2d 932 (1984). Therefore, in that the commonwealth has concurrent jurisdiction and that the offense did, in fact, occur within the commonwealth, we find that the Secretary of Transportation has the authority to proceed under Title 75, section 1547(b).

Defendant's counsel, in a very articulate brief, has attempted to establish that the retrocession applies only to statutes enacted subsequent to its effective date, which we find to be of no merit.

Moreover, defendant has argued that the Secretary of the Department of Interior does not have the authority to retrocede concurrent jurisdiction and that this retrocession can only occur through an act of the United States Congress.

Again, we disagree with defendant's argument, as 16 U.S.C.S. §1a-3 provides:

"Notwithstanding any other provision of law, the Secretary of the Interior may relinquish to a state, or to a commonwealth, territory, or possession of the United States, part of the legislative jurisdiction of the United States over National Park System lands or interests therein in that state, commonwealth, territory, or possession: Provided, that prior to consummating any such relinquishment, the secretary shall submit the proposed agreement to the Committees on Interior and Insular Affairs of the United States Congress, and shall not finalize such agreement until 60 calendar days after such submission shall have elapsed. Relinquishment of legislative jurisdiction under this section may be accomplished

(1) by filing with the governor (or, if none exists, with the chief executive officer) of the state, commonwealth, territory, or possession concerned a notice of relinquishment to take effect upon acceptance thereof, or (2) as the law of the state, commonwealth, territory, or possession may otherwise provide. The secretary shall diligently pursue the consummation of arrangements with each state, commonwealth, territory, or possession within which a unit of the National Park System is located to the end that insofar as practicable the United States shall exercise concurrent legislative jurisdiction within units of the National Park System." (August 18, 1970, P.L. 91-383, §6, as added October 7, 1976, P.L. 94-458, §2, 90 Stat. 1939.)

It is clear to us that the Congress has given the Secretary of the Interior the authority to relinquish jurisdiction over National Parks System lands, which has been done as it relates to Valley Forge National Historical Park.

We find that the Secretary of the Pennsylvania Department of Transportation has the authority to enforce section 1547 of the Pennsylvania Motor Vehicle Code for offenses occurring within the national park.

We have, therefore, denied defendant's preliminary motion to sustain the appeal and relist this matter for testimony as to defendant's second issue concerning double jeopardy.

To that end, we have so ordered.