## PennDOT v. Maluchnik

*Gina M. D'Alfonso, assistant counsel,* for the Commonwealth.

*Wilbert H. Beachy III,* for appellant.

FIKE, *P.J.*, April 15, 1991—This case is before the court on an appeal filed by Lorraine Maluchnik, challenging a Department of Transportation order which suspended her driving privileges.

The Department of Transportation notified appellant that her driving privileges were to be suspended for a period of one year as a result of refusal to submit to a blood alcohol test as provided by the Motor Vehicle Code, 75 Pa.C.S. §1547. The issue presented at the hearing was whether the arresting officer had reasonable grounds to believe that the appellant was operating a vehicle while under the influence of alcohol, a prerequisite for requesting a chemical test under section 1547.

The evidence revealed that on the evening of August 6, 1989, Officer Alvarez was called to investigate a motor vehicle accident. Upon arrival at the scene, the officer found that appellant had been driving an automobile involved in a two-car accident. The officer smelled a slight odor of alcoholic beverage emanating from appellant. The officer also found a partially opened can of beer and an unopened can of beer in appellant's car, which had been occupied by appellant and one other person. When the officer arrived, appellant was engaged in a very heated argument with a relative of the driver of the other car; appellant appeared flushed, upset and demonstrably excited.

In our opinion, these circumstances and the officer's observations, taken as a whole, supplied the officer with the requisite grounds to justify a chemical test request.

We recognize that charges of driving under the influence were dismissed at the preliminary hearing stage and that a certain Mr. Shelko, who observed appellant shortly after the accident, testified at the preliminary hearing that, in his opinion, appellant was not under the influence and exhibited none of the normal characteristics of intoxication.

The question, however, is whether from the circumstances existing at the scene, the officer was justified

in his belief, at the time, that appellant had been driving under the influence of alcohol.

We note, also, that the fact that the driving under the influence charges were dismissed does not affect this civil license suspension appeal. See *PennDOT v. Abraham,* 7 Pa. Commw. 535, 300 A.2d 831 (1973); *PennDOT v. Clavson,* 9 Pa. Commw. 87, 305 A.2d 732 (1973).

Accordingly, the appeal will be dismissed.

### ORDER

Now, April 15, 1991, the appeal is dismissed and the suspension order of the Department of Transportation shall be reinstated.