**James J. McLAUGHLIN, Jr.**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 2000.

Decided April 20, 2000.

Bryan S. Neiderhiser, Pittsburgh, for appellant.

Charles A. Knoll, Jr., Pittsburgh, for appellee.

Before COLINS, J., SMITH, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Allegheny County that sustained James J. McLaughlin's appeal of a one-year suspension of his driving privileges for failing to submit to chemical testing pursuant to Section 1547(b)(1) of the Vehicle Code, as amended, 75 Pa.C.S. § 1547(b)(1). The issue before the Court is whether an expunction order entered in a criminal proceeding against McLaughlin is applicable to his civil statutory suspension appeal. The order purportedly required expunction of McLaughlin's arrest record.

On August 6, 1998, DOT notified McLaughlin of a one-year suspension of his operating privileges as a result of his refusal to submit to chemical testing on May 29, 1998. McLaughlin timely appealed the suspension notice, and the trial court held a de novo hearing on March 4, 1999. At the outset of the hearing, McLaughlin objected to the testimony of DOT's police officer witnesses because their testimony would be tainted due to the officers' prior use of documents covered by the expunction order to refresh their recollection of events surrounding McLaughlin's refusal of testing.

McLaughlin's counsel represented to the trial court that at a previous hearing the officers had appeared with documents that were subject to an expunction order entered in related criminal proceedings against McLaughlin for driving under the influence.[1] No expunged documents were brought to the March 4 hearing; however, McLaughlin argued that any testimony based on the officers' prior use of the documents to refresh their recollection was tainted and should be excluded. One of DOT's police officer witnesses indicated that she had reviewed the records at a prior hearing and had not been aware of the expunction order. The trial court thereupon sustained McLaughlin's appeal of the suspension notice. This Court's review of the trial court's decision is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or abused its discretion. *McKinley v. Department of Transportation, Bureau of Driver Licensing*, 739 A.2d 1134 (Pa.Cmwlth.1999).

DOT argues that the trial court erred in excluding the testimony of the officers because the criminal expunction order was inapplicable to the civil license suspension proceeding resulting from McLaughlin's refusal to submit to chemical testing. DOT contends that without the officers' testimony it could not satisfy its burden of proof. This Court has previously considered the effect of criminal expunction orders on civil suspension proceedings in *Conroy v. Department of Transportation*, 97 Pa.Cmwlth. 344, 509 A.2d 941 (1986), and *Wisniewski v. Commonwealth*, 73 Pa.Cmwlth. 318, 457 A.2d 1334 (1983).[2]

1. There is no other indication of a prior hearing in the record certified to this Court. The record does indicate that the matter was continued twice at the behest of DOT and counsel for McLaughlin.

2. DOT also argues that applying the expunction order to the license suspension case would deny DOT due process because it was not notified of the expunction proceedings. McLaughlin responds that DOT was represented at those proceedings because DOT is an agency of the Commonwealth, which was represented by the district attorney, and that DOT may not collaterally attack the order. In light of the disposition reached, the Court need not address this issue.

In *Wisniewski* a police officer completed a DOT form to notify DOT of the licensee's refusal to submit to chemical testing. The officer completed the form after a trial court had ordered the expunction of records pertaining to the licensee's related criminal proceedings. The licensee argued that the expunction order was broad enough to include the notice to DOT and that the officer was therefore in contempt of the order when the officer sent the notice to DOT. The officer testified about the licensee's arrest and refusal of testing at the hearing on the licensee's suspension appeal. The Court examined the expunction order and noted that DOT was not among the eight keepers of records addressed in the expunction order and that the order specifically referred to criminal records and did not embrace civil or administrative proceedings. Furthermore, the inclusion of the suspension notice in the expunction order would not serve the purposes of the expunction order because suspension of the licensee's operator's license was not a harm flowing from the existence of his arrest records but rather was a result of the licensee's independent refusal to submit to chemical testing.

Likewise, a trial court entered an expunction order in *Conroy* requiring the destruction of the licensee's criminal records after he was arrested for driving under the influence. A copy of the expunction order was sent to DOT. Thereafter, DOT notified the licensee that his operating privileges were being suspended because he refused to submit to a breath test when he was arrested. The licensee argued that the expunction order required DOT to expunge its records of his refusal and that the officers who testified at the hearing were in contempt of court for violating the order. The Court affirmed the suspension based on the conclusion in *Wisniewski* that an expunction order applies only to criminal records and does not embrace civil or administrative proceedings. It was of no import that DOT received a copy of the expunction order.

The expunction order in the present case is on a form identical in all pertinent aspects to the forms used in *Wisniewski* and in *Conroy*. The order is from the criminal division of the trial court, and the order is specifically addressed to the keepers of criminal records. The enumeration of the keepers of records includes the arresting agency, but it does not include DOT. Furthermore, the order requires the expunction of documents pertaining to the arrest of McLaughlin in his criminal proceedings. Therefore, like the expunction orders in *Wisniewski* and *Conroy*, the expunction order in the present case does not embrace civil or administrative proceedings.

McLaughlin further argues that his expunction order is effective as to all "criminal history record information" defined in Section 9102 of the Crimes Code, *as amended,* 18 Pa.C.S. § 9102, and that the documents here constitute such records and are therefore covered by the expunction order. He further argues that *Wisniewski* and *Conroy* are distinguishable because DOT did not attempt to offer the notice or any civil documents in the present case but instead offered only the testimony of the police officers who witnessed McLaughlin's refusal to submit to chemical testing and whose recollections were purportedly refreshed by their reading of the arrest record subject to the expunction order. The Court rejects McLaughlin's argument that *Wisniewski* and *Conroy* are distinguishable. The facts of those cases clearly involved the admission of the testimony of officers who witnessed the underlying events as well as the admission of civil documents. In both cases, DOT presented the testimony of the arresting police officers at the suspension hearing. The licensee in *Conroy* specifically argued that the officers who testified were in contempt of the expunction order, and this Court held that *Wisniewski* was dispositive.

McLaughlin concedes that expunction orders are limited to the erasure of documents and that they do not preclude testi-

mony based on personal knowledge. *Commonwealth v. Butler*, 448 Pa.Super. 582, 588, 672 A.2d 806, 809 (1996) (explaining that expunction does not preclude "evidence of the underlying conduct of an expunged arrest which is based on personal knowledge" because expunction "is limited to the erasure of the record and does not erase the memory of those personally involved"). DOT never offered the officers' testimony for the purposes of referring to any expunged documents. DOT instead offered the officers' own personal recollection of McLaughlin's refusal to submit to chemical testing. McLaughlin provides no authority for his contention that an officer is precluded from testifying about matters in his or her personal knowledge merely because the officer's recollection may have been refreshed by material that should have been expunged. The law is well settled that items used merely to refresh witnesses' present memory need not be admissible. *Commonwealth v. Canales*, 454 Pa. 422, 311 A.2d 572 (1973); *see also* Pa. R.E. 612 Note.

Because the trial court erred as a matter of law in concluding that the expunction order precluded the officers' testimony, the trial court's order is accordingly vacated. This matter is remanded to the trial court for a hearing on the merits of McLaughlin's suspension appeal during which DOT shall be permitted an opportunity to present its police officer witnesses in an effort to establish that McLaughlin refused to submit to chemical testing in violation of Section 1547(b)(1) of the Vehicle Code.

### *ORDER*

AND NOW, this 20th day of April, 2000, the order of the Court of Common Pleas of Allegheny County is hereby vacated, and the case is remanded to the trial court in accordance with the foregoing opinion.

Jurisdiction is relinquished.